IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Civil Action No. 3:05CV256-H

| | |
|---|---|
| A. ARENSON HOLDINGS, LTD., D.A. GARDENS, LTD., J12ALH ASSOCIATES, SELK, LLC and LAUREL EQUITY GROUP, LLC,<br><br>            Plaintiffs,<br><br>      v.<br><br>SHAMROCK HOLDINGS OF CALIFORNIA, INC., SHAMROCK CAPITAL ADVISORS, INC., EUGENE I. KRIEGER, GEORGE J. BUCHLER and BRUCE J. STEIN,<br><br>            Defendants. | **DECLARATION OF GEORGE J. BUCHLER IN SUPPORT OF MOTION TO DISMISS OR TRANSFER** |

**GEORGE J. BUCHLER** declares pursuant to 28 U.S.C. § 1746 that:

1. I am one of the Defendants in the above-captioned action. I submit this declaration on behalf of Defendants Shamrock Holdings of California, Inc. ("Shamrock"), Shamrock Capital Advisors, Inc. ("SCA"), Eugene I. Krieger ("Krieger"), Bruce J. Stein ("Stein"), and myself, in support of our motion to dismiss the Complaint in the above-captioned action or, alternatively, to transfer this action to the United States District Court for the District of Delaware.[1] Unless otherwise indicated, I have personal knowledge of the matters set forth in this Declaration, and as to such other matters, I believe that the statements herein are true.

2. Since the inception of ALH Holdings, LLC ("ALH") in 1998, Avie Arenson ("Arenson") has served on ALH's Supervisory Board as the representative

---

[1] This Declaration is not submitted in support of Defendants' motion to dismiss the Complaint for failure to state a claim under Fed. R. Civ. P. Rule 12(b)(6).

("Class B Representative") of the investors ("Members") in ALH's Class B equity (the "Class B Members").

3. To the best of my knowledge, information and belief: (a) in or around June 1998, all of ALH's investors, including the Class B Members, negotiated the terms of their investments in ALH, a limited liability company to be organized under Delaware law to engage in the home-building business; and (b) on or around June 12, 1998, all of ALH's investors, including the Class B Members, signed ALH's Operating Agreement and funded their investments in ALH.

4. By early 2001, both the Class A and Class B Members of ALH were extremely dissatisfied with the performance Lion ALH Capital LLC ("Lion LLC"), as Manager of ALH under § 6.1(a) of ALH's Operating Agreement. The Class A and Class B Members of ALH believed that Lion LLC, Shalom Lamm and certain of their associates owed ALH millions of dollars in misappropriated and/or misused funds and unauthorized expenditures.

5. Neither Arenson, as Class B Representative, nor the Class B Members have ever asked to terminate the July 1, 2001 Consulting Agreement between ALH and SCA (the "Consulting Agreement").

6. Substantial services were provided to ALH under the Consulting Agreement. Krieger, Stein and I spent thousands of hours on ALH matters, including but not limited to the negotiation and renegotiation of loans and other financial arrangements.

7. In or around early 2001, because of, *inter alia*, ALH's ongoing financial problems and disappointing performance, all of the Class Representatives on ALH's

Supervisory Board, including Arenson, decided that it would be in ALH's best interests to consider selling ALH's operations.

8.  In March 2002, ALH engaged Jolson Merchant Partners ("JMP") to provide financial advisory and investment banking services in connection with the possible sale of some or all of ALH's operations. With the knowledge and consent of ALH's Supervisory Board, including Arenson, JMP spent more than six months seeking a buyer for the ALH or substantially all of its assets. After these efforts to sell ALH in its entirety proved unsuccessful, JMP began seeking potential buyers of ALH's separate operations.

9.  In early 2002, regardless of whether some or all of ALH's operations would be sold, the Class Representatives, including Arenson, decided that ALH needed additional funding. After considering and exploring various alternatives, the Class Representatives, including Arenson, concluded that it would not be feasible to raise additional equity from ALH's existing Members or obtain additional equity or loans from outside parties.

10. Pursuant to a loan agreement dated May 7, 2002 (the "2002 Loan Agreement"), certain of ALH's Members loaned approximately $4.4 million to ALH II. All the Class Representatives, including Arenson, approved the borrowings by ALH II pursuant to the 2002 Loan Agreement.

11. At ALH's June 26, 2003 Supervisory Board meeting, Arenson suggested that the loans to ALH II pursuant to the 2000 and 2002 Loan Agreements be repaid from the proceeds of the sale of Atlantic Builders, Inc. All the Class Representatives,

including Arenson, approved these loan repayments. The Class B members have never offered to return to ALH the loan repayments they received.

12. In late July 2002, Arenson, on behalf of the Class B Members, advised Defendants that the Class B Members were interested in buying out ALH's Class A equity. Despite repeated invitations by Shamrock, the Class B Members never made a written proposal to acquire the Class A equity.

13. Following the parties' August 26, 2004 conference call, Defendants concluded that there was no common ground between the parties that might serve as a starting point for settlement discussions.

14. Despite the failure of the August 26, 2004 conference call to set in motion any negotiations between the parties, it occurred to Defendants that a respected mediator experienced in the applicable principles of Delaware law might be able to help Plaintiffs see that they had no basis for asserting liability against Defendants. Defendants proposed such a mediation, but Plaintiffs did not agree to it. As of early September 2004, it appeared to Defendants that Plaintiffs might merely be toying with the idea of mediation, in the hope of getting extra-judicial discovery to use as the basis for a lawsuit.

15. In connection with the sale of Mulvaney Homes, Inc., drafts of various transaction documents were sent to Arenson for his review and comment, but he did not respond.

16. Krieger, Stein and I make our respective permanent homes in California.

I declare under penalty of perjury that the foregoing is true and correct. Executed in Los Angeles, California, this 2nd day of September, 2005.

_____
George J. Buchler

# CERTIFICATE OF SERVICE

      I hereby certify that the foregoing has been served by United States mail, first-class, postage prepaid, to the following counsel of record:

  Russ A. Brinson
  Cozen O'Connor
  One Wachovia Center, Suite 2100
  301 South College Street
  Charlotte, North Carolina 28302

  Thomas M. Wood, IV
  Neuberger, Quinn, Gielen, Rubin & Gibber
  One South Street, 27th Floor
  Baltimore, Maryland 21202-3282

This the 2nd day of September, 2005.

                                                /s/ J. Donald Cowan, Jr.
                                                J. Donald Cowan, Jr.
                                                N.C. State Bar No. 0968
                                                Elizabeth Brooks Scherer
                                                N.C. State Bar No. 27526

OF COUNSEL:
SMITH MOORE LLP
Post Office Box 21927
300 N. Greene Street, Suite 1400
Greensboro, North Carolina 27401
Telephone: (336) 378-5200
Facsimile: (336) 378-5400

OF COUNSEL:
Pamela Jarvis
Gregory P. Joseph Law Offices LLC
805 Third Avenue, 31st Floor
New York, NY 10022
Telephone: (212) 407-1200
Facsimile: (212) 407-1299

*Attorneys for Defendants Shamrock Holdings of California, Inc., Shamrock Capital Advisors, Inc., Eugene I. Krieger, George J. Buchler, and Bruce J. Stein*