# PROMISSORY NOTE

$8,600.00                                                    New, York, New York
                                                            May, 7, 2002

FOR VALUE RECEIVED, the undersigned, ALH II, Inc., a Delaware corporation ("Borrower"), HEREBY PROMISES TO PAY to Bunny Wasser ("Lender"), at Lender's address at 2049 Century Park East, Suite 2500, Los Angeles, California 90087, or at such other place as Lender may designate from time to time in writing, in lawful money of the United States of America and in immediately available funds, the principal amount of Eight Thousand Six Hundred Dollars ($8,600.00) or, if less, the aggregate principal amount of such Lender's advances made to Borrower under the Loan Agreement (as defined below), together with all interest thereon at the rate of 18% (or, as applicable, the default rate of interest set forth therein), and other amounts owing in connection therewith in accordance with the terms of the "Loan Agreement" (as hereinafter defined). All capitalized terms used but not otherwise defined herein have the meanings given to them in the Loan Agreement.

This Promissory Note is one of the Notes issued pursuant to that certain Loan Agreement, dated as of May 7, 2002, by and among Borrower and each of the Lenders from time to time party thereto (the "Loan Agreement") and is entitled to all of the benefits of the Loan Agreement. Reference is hereby made to the Loan Agreement for a statement of all of the terms and conditions under which the loans evidenced hereby are made and are to be repaid. The date and amount of each advance made by Lender to Borrower, the rates of interest applicable thereto and each payment made on account of the principal thereof, shall be recorded by Lender on its books; provided that the failure of Lender to make any such recordation shall not affect the obligations of Borrower to make a payment when due of any amount owing under the Loan Agreement or this Promissory Note in respect of advances made by Lender to Borrower.

The principal amount of the indebtedness evidenced hereby shall be payable in the amounts and on the dates specified in the Loan Agreement, the terms of which are hereby incorporated herein by reference. Interest thereon shall be paid until such principal amount is paid in full at such interest rates and at such times, and pursuant to such calculations, as are specified in the Loan Agreement.

If any payment on this Promissory Note becomes due and payable on a day other than a Business Day, the maturity thereof shall be extended to the next succeeding Business Day and, with respect to payments of principal, interest hereon shall be payable at the then applicable rate during such extension.

Upon and after the occurrence of any Event of Default, this Promissory Note may, as provided in the Loan Agreement, and without demand, notice or legal process of any kind, be declared, and immediately shall become, due and payable.

Time is of the essence of this Promissory Note. Demand, presentment, protest and notice of nonpayment and protest are hereby waived by Borrower. Except as expressly provided in the Loan Agreement, this Note may not be assigned by Lender to any Person.

This Promissory Note is deemed to be subordinate in all respects, whether in right of payment, priority or otherwise, to any indebtedness for borrowed money of Borrower existing as of the date of the Loan Agreement (together with any refinancings or replacements of such existing indebtedness, provided that any refinancings or replacements of such existing indebtedness shall be approved by the board of directors of Borrower in accordance with applicable law).

THIS NOTE AND THE RIGHTS AND OBLIGATIONS OF THE PARTIES UNDER THIS NOTE SHALL BE GOVERNED BY AND SHALL BE CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK (WITHOUT REFERENCE TO THE CONFLICT OF LAW RULES THEREOF WHICH COULD CAUSE THE LAW OF ANY OTHER STATE TO APPLY).

ALH II, INC.

By:    William R. Lanius
Title: Chief Financial Officer

# PROMISSORY NOTE

$8,600.00

New, York, New York
May, 7, 2002

FOR VALUE RECEIVED, the undersigned, ALH II, Inc., a Delaware corporation ("Borrower"), HEREBY PROMISES TO PAY to Andrew Wasser ("Lender"), at Lender's address at 2049 Century Park East, Suite 2500, Los Angeles, California 90087, or at such other place as Lender may designate from time to time in writing, in lawful money of the United States of America and in immediately available funds, the principal amount of Eight Thousand Six Hundred Dollars ($8,600.00) or, if less, the aggregate principal amount of such Lender's advances made to Borrower under the Loan Agreement (as defined below), together with all interest thereon at the rate of 18% (or, as applicable, the default rate of interest set forth therein), and other amounts owing in connection therewith in accordance with the terms of the "Loan Agreement" (as hereinafter defined). All capitalized terms used but not otherwise defined herein have the meanings given to them in the Loan Agreement.

This Promissory Note is one of the Notes issued pursuant to that certain Loan Agreement, dated as of May 7, 2002, by and among Borrower and each of the Lenders from time to time party thereto (the "Loan Agreement") and is entitled to all of the benefits of the Loan Agreement. Reference is hereby made to the Loan Agreement for a statement of all of the terms and conditions under which the loans evidenced hereby are made and are to be repaid. The date and amount of each advance made by Lender to Borrower, the rates of interest applicable thereto and each payment made on account of the principal thereof, shall be recorded by Lender on its books; provided that the failure of Lender to make any such recordation shall not affect the obligations of Borrower to make a payment when due of any amount owing under the Loan Agreement or this Promissory Note in respect of advances made by Lender to Borrower.

The principal amount of the indebtedness evidenced hereby shall be payable in the amounts and on the dates specified in the Loan Agreement, the terms of which are hereby incorporated herein by reference. Interest thereon shall be paid until such principal amount is paid in full at such interest rates and at such times, and pursuant to such calculations, as are specified in the Loan Agreement.

If any payment on this Promissory Note becomes due and payable on a day other than a Business Day, the maturity thereof shall be extended to the next succeeding Business Day and, with respect to payments of principal, interest hereon shall be payable at the then applicable rate during such extension.

Upon and after the occurrence of any Event of Default, this Promissory Note may, as provided in the Loan Agreement, and without demand, notice or legal process of any kind, be declared, and immediately shall become, due and payable.

Time is of the essence of this Promissory Note. Demand, presentment, protest and notice of nonpayment and protest are hereby waived by Borrower. Except as expressly provided in the Loan Agreement, this Note may not be assigned by Lender to any Person.

This Promissory Note is deemed to be subordinate in all respects, whether in right of payment, priority or otherwise, to any indebtedness for borrowed money of Borrower existing as of the date of the Loan Agreement (together with any refinancings or replacements of such existing indebtedness, provided that any refinancings or replacements of such existing indebtedness shall be approved by the board of directors of Borrower in accordance with applicable law).

**THIS NOTE AND THE RIGHTS AND OBLIGATIONS OF THE PARTIES UNDER THIS NOTE SHALL BE GOVERNED BY AND SHALL BE CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK (WITHOUT REFERENCE TO THE CONFLICT OF LAW RULES THEREOF WHICH COULD CAUSE THE LAW OF ANY OTHER STATE TO APPLY).**

ALH II, INC.

By:    William R. Lanius
Title: Chief Financial Officer

## PROMISSORY NOTE

$8,600.00

New, York, New York
May, 7, 2002

FOR VALUE RECEIVED, the undersigned, ALH II, Inc., a Delaware corporation ("Borrower"), HEREBY PROMISES TO PAY to Noah Fogelson ("Lender"), at Lender's address at 2049 Century Park East, Suite 2500, Los Angeles, California 90087, or at such other place as Lender may designate from time to time in writing, in lawful money of the United States of America and in immediately available funds, the principal amount of Eight Thousand Six Hundred Dollars ($8,600.00) or, if less, the aggregate principal amount of such Lender's advances made to Borrower under the Loan Agreement (as defined below), together with all interest thereon at the rate of 18% (or, as applicable, the default rate of interest set forth therein), and other amounts owing in connection therewith in accordance with the terms of the "Loan Agreement" (as hereinafter defined). All capitalized terms used but not otherwise defined herein have the meanings given to them in the Loan Agreement.

This Promissory Note is one of the Notes issued pursuant to that certain Loan Agreement, dated as of May 7, 2002, by and among Borrower and each of the Lenders from time to time party thereto (the "Loan Agreement") and is entitled to all of the benefits of the Loan Agreement. Reference is hereby made to the Loan Agreement for a statement of all of the terms and conditions under which the loans evidenced hereby are made and are to be repaid. The date and amount of each advance made by Lender to Borrower, the rates of interest applicable thereto and each payment made on account of the principal thereof, shall be recorded by Lender on its books; provided that the failure of Lender to make any such recordation shall not affect the obligations of Borrower to make a payment when due of any amount owing under the Loan Agreement or this Promissory Note in respect of advances made by Lender to Borrower.

The principal amount of the indebtedness evidenced hereby shall be payable in the amounts and on the dates specified in the Loan Agreement, the terms of which are hereby incorporated herein by reference. Interest thereon shall be paid until such principal amount is paid in full at such interest rates and at such times, and pursuant to such calculations, as are specified in the Loan Agreement.

If any payment on this Promissory Note becomes due and payable on a day other than a Business Day, the maturity thereof shall be extended to the next succeeding Business Day and, with respect to payments of principal, interest hereon shall be payable at the then applicable rate during such extension.

Upon and after the occurrence of any Event of Default, this Promissory Note may, as provided in the Loan Agreement, and without demand, notice or legal process of any kind, be declared, and immediately shall become, due and payable.

Time is of the essence of this Promissory Note. Demand, presentment, protest and notice of nonpayment and protest are hereby waived by Borrower. Except as expressly provided in the Loan Agreement, this Note may not be assigned by Lender to any Person.

This Promissory Note is deemed to be subordinate in all respects, whether in right of payment, priority or otherwise, to any indebtedness for borrowed money of Borrower existing as of the date of the Loan Agreement (together with any refinancings or replacements of such existing indebtedness, provided that any refinancings or replacements of such existing indebtedness shall be approved by the board of directors of Borrower in accordance with applicable law).

THIS NOTE AND THE RIGHTS AND OBLIGATIONS OF THE PARTIES UNDER THIS NOTE SHALL BE GOVERNED BY AND SHALL BE CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK (WITHOUT REFERENCE TO THE CONFLICT OF LAW RULES THEREOF WHICH COULD CAUSE THE LAW OF ANY OTHER STATE TO APPLY).

ALH II, INC.

By:    William R. Lanius
Title: Chief Financial Officer

# PROMISSORY NOTE

**$8,600.00**                                                New York, New York
                                                             May, 7, 2002

FOR VALUE RECEIVED, the undersigned, ALH II, Inc., a Delaware corporation ("Borrower"), HEREBY PROMISES TO PAY to Adam Fogelson ("Lender"), at Lender's address at 2049 Century Park East, Suite 2500, Los Angeles, California 90087, or at such other place as Lender may designate from time to time in writing, in lawful money of the United States of America and in immediately available funds, the principal amount of Eight Thousand Six Hundred Dollars ($8,600.00) or, if less, the aggregate principal amount of such Lender's advances made to Borrower under the Loan Agreement (as defined below), together with all interest thereon at the rate of 18% (or, as applicable, the default rate of interest set forth therein), and other amounts owing in connection therewith in accordance with the terms of the "Loan Agreement" (as hereinafter defined). All capitalized terms used but not otherwise defined herein have the meanings given to them in the Loan Agreement.

This Promissory Note is one of the Notes issued pursuant to that certain Loan Agreement, dated as of May 7, 2002, by and among Borrower and each of the Lenders from time to time party thereto (the "Loan Agreement") and is entitled to all of the benefits of the Loan Agreement. Reference is hereby made to the Loan Agreement for a statement of all of the terms and conditions under which the loans evidenced hereby are made and are to be repaid. The date and amount of each advance made by Lender to Borrower, the rates of interest applicable thereto and each payment made on account of the principal thereof, shall be recorded by Lender on its books; provided that the failure of Lender to make any such recordation shall not affect the obligations of Borrower to make a payment when due of any amount owing under the Loan Agreement or this Promissory Note in respect of advances made by Lender to Borrower.

The principal amount of the indebtedness evidenced hereby shall be payable in the amounts and on the dates specified in the Loan Agreement, the terms of which are hereby incorporated herein by reference. Interest thereon shall be paid until such principal amount is paid in full at such interest rates and at such times, and pursuant to such calculations, as are specified in the Loan Agreement.

If any payment on this Promissory Note becomes due and payable on a day other than a Business Day, the maturity thereof shall be extended to the next succeeding Business Day and, with respect to payments of principal, interest hereon shall be payable at the then applicable rate during such extension.

Upon and after the occurrence of any Event of Default, this Promissory Note may, as provided in the Loan Agreement, and without demand, notice or legal process of any kind, be declared, and immediately shall become, due and payable.

Time is of the essence of this Promissory Note. Demand, presentment, protest and notice of nonpayment and protest are hereby waived by Borrower. Except as expressly provided in the Loan Agreement, this Note may not be assigned by Lender to any Person.

This Promissory Note is deemed to be subordinate in all respects, whether in right of payment, priority or otherwise, to any indebtedness for borrowed money of Borrower existing as of the date of the Loan Agreement (together with any refinancings or replacements of such existing indebtedness, provided that any refinancings or replacements of such existing indebtedness shall be approved by the board of directors of Borrower in accordance with applicable law).

**THIS NOTE AND THE RIGHTS AND OBLIGATIONS OF THE PARTIES UNDER THIS NOTE SHALL BE GOVERNED BY AND SHALL BE CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK (WITHOUT REFERENCE TO THE CONFLICT OF LAW RULES THEREOF WHICH COULD CAUSE THE LAW OF ANY OTHER STATE TO APPLY).**

**ALH II, INC.**

By:  William R. Lanius
Title: Chief Financial Officer

# PROMISSORY NOTE

$26,000.00

New, York, New York
May, 7, 2002

FOR VALUE RECEIVED, the undersigned, ALH II, Inc., a Delaware corporation ("Borrower"), HEREBY PROMISES TO PAY to Harold and Ruth Borden Trust ("Lender"), at Lender's address at 10580 Wilshire Blvd., Unit 73, Los Angeles, California 90024, or at such other place as Lender may designate from time to time in writing, in lawful money of the United States of America and in immediately available funds, the principal amount of Twenty-Six Thousand Dollars ($26,000.00) or, if less, the aggregate principal amount of such Lender's advances made to Borrower under the Loan Agreement (as defined below), together with all interest thereon at the rate of 18% (or, as applicable, the default rate of interest set forth therein), and other amounts owing in connection therewith in accordance with the terms of the "Loan Agreement" (as hereinafter defined). All capitalized terms used but not otherwise defined herein have the meanings given to them in the Loan Agreement.

This Promissory Note is one of the Notes issued pursuant to that certain Loan Agreement, dated as of May 7, 2002, by and among Borrower and each of the Lenders from time to time party thereto (the "Loan Agreement") and is entitled to all of the benefits of such Loan Agreement. Reference is hereby made to the Loan Agreement for a statement of all of the terms and conditions under which the loans evidenced hereby are made and are to be repaid. The date and amount of each advance made by Lender to Borrower, the rates of interest applicable thereto and each payment made on account of the principal thereof, shall be recorded by Lender on its books; provided that the failure of Lender to make any such recordation shall not affect the obligations of Borrower to make a payment when due of any amount owing under the Loan Agreement or this Promissory Note in respect of advances made by Lender to Borrower.

The principal amount of the indebtedness evidenced hereby shall be payable in the amounts and on the dates specified in the Loan Agreement, the terms of which are hereby incorporated herein by reference. Interest thereon shall be paid until such principal amount is paid in full at such interest rates and at such times, and pursuant to such calculations, as are specified in the Loan Agreement.

If any payment on this Promissory Note becomes due and payable on a day other than a Business Day, the maturity thereof shall be extended to the next succeeding Business Day and, with respect to payments of principal, interest hereon shall be payable at the then applicable rate during such extension.

Upon and after the occurrence of any Event of Default, this Promissory Note may, as provided in the Loan Agreement, and without demand, notice or legal process of any kind, be declared, and immediately shall become, due and payable.

Time is of the essence of this Promissory Note. Demand, presentment, protest and notice of nonpayment and protest are hereby waived by Borrower. Except as expressly provided in the Loan Agreement, this Note may not be assigned by Lender to any Person.

This Promissory Note is deemed to be subordinate in all respects, whether in right of payment, priority or otherwise, to any indebtedness for borrowed money of Borrower existing as of the date of the Loan Agreement (together with any refinancings or replacements of such existing indebtedness, provided that any refinancings or replacements of such existing indebtedness shall be approved by the board of directors of Borrower in accordance with applicable law).

**THIS NOTE AND THE RIGHTS AND OBLIGATIONS OF THE PARTIES UNDER THIS NOTE SHALL BE GOVERNED BY AND SHALL BE CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK (WITHOUT REFERENCE TO THE CONFLICT OF LAW RULES THEREOF WHICH COULD CAUSE THE LAW OF ANY OTHER STATE TO APPLY).**

ALH II, INC.

By: William R. Lanius
Title: Chief Financial Officer

# PROMISSORY NOTE

$52,000.00

New York, New York
May, 7, 2002

FOR VALUE RECEIVED, the undersigned, ALH II, Inc., a Delaware corporation ("Borrower"), HEREBY PROMISES TO PAY to Harold Brown ("Lender"), at Lender's address at Gang, Tyre, Ramer & Brown, Inc., 132 S. Rodeo Drive, Beverly Hills, California 90212, or at such other place as Lender may designate from time to time in writing, in lawful money of the United States of America and in immediately available funds, the principal amount of Fifty-Two Thousand Dollars ($52,000.00) or, if less, the aggregate principal amount of such Lender's advances made to Borrower under the Loan Agreement (as defined below), together with all interest thereon at the rate of 18% (or, as applicable, the default rate of interest set forth therein), and other amounts owing in connection therewith in accordance with the terms of the "Loan Agreement" (as hereinafter defined). All capitalized terms used but not otherwise defined herein have the meanings given to them in the Loan Agreement.

This Promissory Note is one of the Notes issued pursuant to that certain Loan Agreement, dated as of May 7, 2002, by and among Borrower and each of the Lenders from time to time party thereto (the "Loan Agreement") and is entitled to all of the benefits of the Loan Agreement. Reference is hereby made to the Loan Agreement for a statement of all of the terms and conditions under which the loans evidenced hereby are made and are to be repaid. The date and amount of each advance made by Lender to Borrower, the rates of interest applicable thereto and each payment made on account of the principal thereof, shall be recorded by Lender on its books; provided that the failure of Lender to make any such recordation shall not affect the obligations of Borrower to make a payment when due of any amount owing under the Loan Agreement or this Promissory Note in respect of advances made by Lender to Borrower.

The principal amount of the indebtedness evidenced hereby shall be payable in the amounts and on the dates specified in the Loan Agreement, the terms of which are hereby incorporated herein by reference. Interest thereon shall be paid until such principal amount is paid in full at such interest rates and at such times, and pursuant to such calculations, as are specified in the Loan Agreement.

If any payment on this Promissory Note becomes due and payable on a day other than a Business Day, the maturity thereof shall be extended to the next succeeding Business Day and, with respect to payments of principal, interest hereon shall be payable at the then applicable rate during such extension.

Upon and after the occurrence of any Event of Default, this Promissory Note may, as provided in the Loan Agreement, and without demand, notice or legal process of any kind, be declared, and immediately shall become, due and payable.

Time is of the essence of this Promissory Note. Demand, presentment, protest and notice of nonpayment and protest are hereby waived by Borrower. Except as expressly provided in the Loan Agreement, this Note may not be assigned by Lender to any Person.

This Promissory Note is deemed to be subordinate in all respects, whether in right of payment, priority or otherwise, to any indebtedness for borrowed money of Borrower existing as of the date of the Loan Agreement (together with any refinancings or replacements of such existing indebtedness, provided that any refinancings or replacements of such existing indebtedness shall be approved by the board of directors of Borrower in accordance with applicable law).

THIS NOTE AND THE RIGHTS AND OBLIGATIONS OF THE PARTIES UNDER THIS NOTE SHALL BE GOVERNED BY AND SHALL BE CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK (WITHOUT REFERENCE TO THE CONFLICT OF LAW RULES THEREOF WHICH COULD CAUSE THE LAW OF ANY OTHER STATE TO APPLY).

ALH II, INC.

By:    William R. Lanius
Title: Chief Financial Officer

## PROMISSORY NOTE

**$17,000.00**

New, York, New York
May, 7, 2002

FOR VALUE RECEIVED, the undersigned, ALH II, Inc., a Delaware corporation ("Borrower"), HEREBY PROMISES TO PAY to Ms. Hermione Brown ("Lender"), at Lender's address at Gang, Tyre, Ramer & Brown, Inc., 132 S. Rodeo Drive, Beverly Hills, California 90212, or at such other place as Lender may designate from time to time in writing, in lawful money of the United States of America and in immediately available funds, the principal amount of Seventeen Thousand Dollars ($17,000.00) or, if less, the aggregate principal amount of such Lender's advances made to Borrower under the Loan Agreement (as defined below), together with all interest thereon at the rate of 18% (or, as applicable, the default rate of interest set forth therein), and other amounts owing in connection therewith in accordance with the terms of the "Loan Agreement" (as hereinafter defined). All capitalized terms used but not otherwise defined herein have the meanings given to them in the Loan Agreement.

This Promissory Note is one of the Notes issued pursuant to that certain Loan Agreement, dated as of May 7, 2002, by and among Borrower and each of the Lenders from time to time party thereto (the "Loan Agreement") and is entitled to all of the benefits of the Loan Agreement. Reference is hereby made to the Loan Agreement for a statement of all of the terms and conditions under which the loans evidenced hereby are made and are to be repaid. The date and amount of each advance made by Lender to Borrower, the rates of interest applicable thereto and each payment made on account of the principal thereof, shall be recorded by Lender on its books; provided that the failure of Lender to make any such recordation shall not affect the obligations of Borrower to make a payment when due of any amount owing under the Loan Agreement or this Promissory Note in respect of advances made by Lender to Borrower.

The principal amount of the indebtedness evidenced hereby shall be payable in the amounts and on the dates specified in the Loan Agreement, the terms of which are hereby incorporated herein by reference. Interest thereon shall be paid until such principal amount is paid in full at such interest rates and at such times, and pursuant to such calculations, as are specified in the Loan Agreement.

If any payment on this Promissory Note becomes due and payable on a day other than a Business Day, the maturity thereof shall be extended to the next succeeding Business Day and, with respect to payments of principal, interest hereon shall be payable at the then applicable rate during such extension.

Upon and after the occurrence of any Event of Default, this Promissory Note may, as provided in the Loan Agreement, and without demand, notice or legal process of any kind, be declared, and immediately shall become, due and payable.

Time is of the essence of this Promissory Note. Demand, presentment, protest and notice of nonpayment and protest are hereby waived by Borrower. Except as expressly provided in the Loan Agreement, this Note may not be assigned by Lender to any Person.

This Promissory Note is deemed to be subordinate in all respects, whether in right of payment, priority or otherwise, to any indebtedness for borrowed money of Borrower existing as of the date of the Loan Agreement (together with any refinancings or replacements of such existing indebtedness, provided that any refinancings or replacements of such existing indebtedness shall be approved by the board of directors of Borrower in accordance with applicable law).

THIS NOTE AND THE RIGHTS AND OBLIGATIONS OF THE PARTIES UNDER THIS NOTE SHALL BE GOVERNED BY AND SHALL BE CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK (WITHOUT REFERENCE TO THE CONFLICT OF LAW RULES THEREOF WHICH COULD CAUSE THE LAW OF ANY OTHER STATE TO APPLY).

ALH II, INC.

By:    William R. Lanius
Title: Chief Financial Officer

## PROMISSORY NOTE

$17,000.00                                    New York, New York
                                                        May, 7, 2002

     FOR VALUE RECEIVED, the undersigned, ALH II, Inc., a Delaware corporation ("Borrower"), HEREBY PROMISES TO PAY to Tom R. Camp, Esq. ("Lender"), at Lender's address at Gang, Tyre, Ramer & Brown, Inc., 132 S. Rodeo Drive, Beverly Hills, California 90212, or at such other place as Lender may designate from time to time in writing, in lawful money of the United States of America and in immediately available funds, the principal amount of Seventeen Thousand Dollars ($17,000.00) or, if less, the aggregate principal amount of such Lender's advances made to Borrower under the Loan Agreement (as defined below), together with all interest thereon at the rate of 18% (or, as applicable, the default rate of interest set forth therein), and other amounts owing in connection therewith in accordance with the terms of the "Loan Agreement" (as hereinafter defined). All capitalized terms used but not otherwise defined herein have the meanings given to them in the Loan Agreement.

     This Promissory Note is one of the Notes issued pursuant to that certain Loan Agreement, dated as of May 7, 2002, by and among Borrower and each of the Lenders from time to time party thereto (the "Loan Agreement") and is entitled to all of the benefits of the Loan Agreement. Reference is hereby made to the Loan Agreement for a statement of all of the terms and conditions under which the loans evidenced hereby are made and are to be repaid. The date and amount of each advance made by Lender to Borrower, the rates of interest applicable thereto and each payment made on account of the principal thereof, shall be recorded by Lender on its books; provided that the failure of Lender to make any such recordation shall not affect the obligations of Borrower to make a payment when due of any amount owing under the Loan Agreement or this Promissory Note in respect of advances made by Lender to Borrower.

     The principal amount of the indebtedness evidenced hereby shall be payable in the amounts and on the dates specified in the Loan Agreement, the terms of which are hereby incorporated herein by reference. Interest thereon shall be paid until such principal amount is paid in full at such interest rates and at such times, and pursuant to such calculations, as are specified in the Loan Agreement.

     If any payment on this Promissory Note becomes due and payable on a day other than a Business Day, the maturity thereof shall be extended to the next succeeding Business Day and, with respect to payments of principal, interest hereon shall be payable at the then applicable rate during such extension.

     Upon and after the occurrence of any Event of Default, this Promissory Note may, as provided in the Loan Agreement, and without demand, notice or legal process of any kind, be declared, and immediately shall become, due and payable.

Time is of the essence of this Promissory Note. Demand, presentment, protest and notice of nonpayment and protest are hereby waived by Borrower. Except as expressly provided in the Loan Agreement, this Note may not be assigned by Lender to any Person.

This Promissory Note is deemed to be subordinate in all respects, whether in right of payment, priority or otherwise, to any indebtedness for borrowed money of Borrower existing as of the date of the Loan Agreement (together with any refinancings or replacements of such existing indebtedness, provided that any refinancings or replacements of such existing indebtedness shall be approved by the board of directors of Borrower in accordance with applicable law).

THIS NOTE AND THE RIGHTS AND OBLIGATIONS OF THE PARTIES UNDER THIS NOTE SHALL BE GOVERNED BY AND SHALL BE CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK (WITHOUT REFERENCE TO THE CONFLICT OF LAW RULES THEREOF WHICH COULD CAUSE THE LAW OF ANY OTHER STATE TO APPLY).

ALH II, INC.

By:     William R. Lanius
Title: Chief Financial Officer

## PROMISSORY NOTE

$26,000.00                                            New, York, New York
                                                     May, 7, 2002


    FOR VALUE RECEIVED, the undersigned, ALH II, Inc., a Delaware corporation ("Borrower"), HEREBY PROMISES TO PAY to Hirsham Family Trust ("Lender"), at Lender's address at William Morris Agency, 151 El Camino Drive, Beverly Hills, California 90212, or at such other place as Lender may designate from time to time in writing, in lawful money of the United States of America and in immediately available funds, the principal amount of Twenty-Six Thousand Dollars ($26,000.00) or, if less, the aggregate principal amount of such Lender's advances made to Borrower under the Loan Agreement (as defined below), together with all interest thereon at the rate of 18% (or, as applicable, the default rate of interest set forth therein), and other amounts owing in connection therewith in accordance with the terms of the "Loan Agreement" (as hereinafter defined). All capitalized terms used but not otherwise defined herein have the meanings given to them in the Loan Agreement.

    This Promissory Note is one of the Notes issued pursuant to that certain Loan Agreement, dated as of May 7, 2002, by and among Borrower and each of the Lenders from time to time party thereto (the "Loan Agreement") and is entitled to all of the benefits of the Loan Agreement. Reference is hereby made to the Loan Agreement for a statement of all of the terms and conditions under which the loans evidenced hereby are made and are to be repaid. The date and amount of each advance made by Lender to Borrower, the rates of interest applicable thereto and each payment made on account of the principal thereof, shall be recorded by Lender on its books; provided that the failure of Lender to make any such recordation shall not affect the obligations of Borrower to make a payment when due of any amount owing under the Loan Agreement or this Promissory Note in respect of advances made by Lender to Borrower.

    The principal amount of the indebtedness evidenced hereby shall be payable in the amounts and on the dates specified in the Loan Agreement, the terms of which are hereby incorporated herein by reference. Interest thereon shall be paid until such principal amount is paid in full at such interest rates and at such times, and pursuant to such calculations, as are specified in the Loan Agreement.

    If any payment on this Promissory Note becomes due and payable on a day other than a Business Day, the maturity thereof shall be extended to the next succeeding Business Day and, with respect to payments of principal, interest hereon shall be payable at the then applicable rate during such extension.

    Upon and after the occurrence of any Event of Default, this Promissory Note may, as provided in the Loan Agreement, and without demand, notice or legal process of any kind, be declared, and immediately shall become, due and payable.

Time is of the essence of this Promissory Note. Demand, presentment, protest and notice of nonpayment and protest are hereby waived by Borrower. Except as expressly provided in the Loan Agreement, this Note may not be assigned by Lender to any Person.

This Promissory Note is deemed to be subordinate in all respects, whether in right of payment, priority or otherwise, to any indebtedness for borrowed money of Borrower existing as of the date of the Loan Agreement (together with any refinancings or replacements of such existing indebtedness, provided that any refinancings or replacements of such existing indebtedness shall be approved by the board of directors of Borrower in accordance with applicable law).

THIS NOTE AND THE RIGHTS AND OBLIGATIONS OF THE PARTIES UNDER THIS NOTE SHALL BE GOVERNED BY AND SHALL BE CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK (WITHOUT REFERENCE TO THE CONFLICT OF LAW RULES THEREOF WHICH COULD CAUSE THE LAW OF ANY OTHER STATE TO APPLY).

ALH II, INC.

By:    William R. Lanius
Title: Chief Financial Officer

# PROMISSORY NOTE

**$17,000.00**                                                New, York, New York
                                                             May, 7, 2002


FOR VALUE RECEIVED, the undersigned, ALH II, Inc., a Delaware corporation ("Borrower"), HEREBY PROMISES TO PAY to Katz Family Trust ("Lender"), at Lender's address at 9607 Wendover Drive, Beverly Hills, California 90210, or at such other place as Lender may designate from time to time in writing, in lawful money of the United States of America and in immediately available funds, the principal amount of Seventeen Thousand Dollars ($17,000.00) or, if less, the aggregate principal amount of such Lender's advances made to Borrower under the Loan Agreement (as defined below), together with all interest thereon at the rate of 18% (or, as applicable, the default rate of interest set forth therein), and other amounts owing in connection therewith in accordance with the terms of the "Loan Agreement" (as hereinafter defined). All capitalized terms used but not otherwise defined herein have the meanings given to them in the Loan Agreement.

This Promissory Note is one of the Notes issued pursuant to that certain Loan Agreement, dated as of May 7, 2002, by and among Borrower and each of the Lenders from time to time party thereto (the "Loan Agreement") and is entitled to all of the benefits of the Loan Agreement. Reference is hereby made to the Loan Agreement for a statement of all of the terms and conditions under which the loans evidenced hereby are made and are to be repaid. The date and amount of each advance made by Lender to Borrower, the rates of interest applicable thereto and each payment made on account of the principal thereof, shall be recorded by Lender on its books; provided that the failure of Lender to make any such recordation shall not affect the obligations of Borrower to make a payment when due of any amount owing under the Loan Agreement or this Promissory Note in respect of advances made by Lender to Borrower.

The principal amount of the indebtedness evidenced hereby shall be payable in the amounts and on the dates specified in the Loan Agreement, the terms of which are hereby incorporated herein by reference. Interest thereon shall be paid until such principal amount is paid in full at such interest rates and at such times, and pursuant to such calculations, as are specified in the Loan Agreement.

If any payment on this Promissory Note becomes due and payable on a day other than a Business Day, the maturity thereof shall be extended to the next succeeding Business Day and, with respect to payments of principal, interest hereon shall be payable at the then applicable rate during such extension.

Upon and after the occurrence of any Event of Default, this Promissory Note may, as provided in the Loan Agreement, and without demand, notice or legal process of any kind, be declared, and immediately shall become, due and payable.

Time is of the essence of this Promissory Note. Demand, presentment, protest and notice of nonpayment and protest are hereby waived by Borrower. Except as expressly provided in the Loan Agreement, this Note may not be assigned by Lender to any Person.

This Promissory Note is deemed to be subordinate in all respects, whether in right of payment, priority or otherwise, to any indebtedness for borrowed money of Borrower existing as of the date of the Loan Agreement (together with any refinancings or replacements of such existing indebtedness, provided that any refinancings or replacements of such existing indebtedness shall be approved by the board of directors of Borrower in accordance with applicable law).

THIS NOTE AND THE RIGHTS AND OBLIGATIONS OF THE PARTIES UNDER THIS NOTE SHALL BE GOVERNED BY AND SHALL BE CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK (WITHOUT REFERENCE TO THE CONFLICT OF LAW RULES THEREOF WHICH COULD CAUSE THE LAW OF ANY OTHER STATE TO APPLY).

ALH II, INC.

By:    William R. Lanius
Title: Chief Financial Officer

## PROMISSORY NOTE

$17,000.00

New, York, New York
May, 7, 2002

FOR VALUE RECEIVED, the undersigned, ALH II, Inc., a Delaware corporation ("Borrower"), HEREBY PROMISES TO PAY to Stephen M. Miller, M.D. ("Lender"), at Lender's address at 10594 N. 65th Street, Longmont, Colorado, 80503, or at such other place as Lender may designate from time to time in writing, in lawful money of the United States of America and in immediately available funds, the principal amount of Seventeen Thousand Dollars ($17,000.00) or, if less, the aggregate principal amount of such Lender's advances made to Borrower under the Loan Agreement (as defined below), together with all interest thereon at the rate of 18% (or, as applicable, the default rate of interest set forth therein), and other amounts owing in connection therewith in accordance with the terms of the "Loan Agreement" (as hereinafter defined). All capitalized terms used but not otherwise defined herein have the meanings given to them in the Loan Agreement.

This Promissory Note is one of the Notes issued pursuant to that certain Loan Agreement, dated as of May 7, 2002, by and among Borrower and each of the Lenders from time to time party thereto (the "Loan Agreement") and is entitled to all of the benefits of the Loan Agreement. Reference is hereby made to the Loan Agreement for a statement of all of the terms and conditions under which the loans evidenced hereby are made and are to be repaid. The date and amount of each advance made by Lender to Borrower, the rates of interest applicable thereto and each payment made on account of the principal thereof, shall be recorded by Lender on its books; provided that the failure of Lender to make any such recordation shall not affect the obligations of Borrower to make a payment when due of any amount owing under the Loan Agreement or this Promissory Note in respect of advances made by Lender to Borrower.

The principal amount of the indebtedness evidenced hereby shall be payable in the amounts and on the dates specified in the Loan Agreement, the terms of which are hereby incorporated herein by reference. Interest thereon shall be paid until such principal amount is paid in full at such interest rates and at such times, and pursuant to such calculations, as are specified in the Loan Agreement.

If any payment on this Promissory Note becomes due and payable on a day other than a Business Day, the maturity thereof shall be extended to the next succeeding Business Day and, with respect to payments of principal, interest hereon shall be payable at the then applicable rate during such extension.

Upon and after the occurrence of any Event of Default, this Promissory Note may, as provided in the Loan Agreement, and without demand, notice or legal process of any kind, be declared, and immediately shall become, due and payable.

Time is of the essence of this Promissory Note. Demand, presentment, protest and notice of nonpayment and protest are hereby waived by Borrower. Except as expressly provided in the Loan Agreement, this Note may not be assigned by Lender to any Person.

This Promissory Note is deemed to be subordinate in all respects, whether in right of payment, priority or otherwise, to any indebtedness for borrowed money of Borrower existing as of the date of the Loan Agreement (together with any refinancings or replacements of such existing indebtedness, provided that any refinancings or replacements of such existing indebtedness shall be approved by the board of directors of Borrower in accordance with applicable law).

THIS NOTE AND THE RIGHTS AND OBLIGATIONS OF THE PARTIES UNDER THIS NOTE SHALL BE GOVERNED BY AND SHALL BE CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK (WITHOUT REFERENCE TO THE CONFLICT OF LAW RULES THEREOF WHICH COULD CAUSE THE LAW OF ANY OTHER STATE TO APPLY).

ALH II, INC.


By:    William R. Lanius
Title: Chief Financial Officer

## PROMISSORY NOTE

**$8,600.00**                                              New York, New York
                                                           May, 7, 2002

  FOR VALUE RECEIVED, the undersigned, ALH II, Inc., a Delaware corporation ("Borrower"), HEREBY PROMISES TO PAY to Mr. Alfred Stern ("Lender"), at Lender's address at Schroders, 10877 Wilshire Blvd., Suite 500, Los Angeles, California 90024, or at such other place as Lender may designate from time to time in writing, in lawful money of the United States of America and in immediately available funds, the principal amount of Eight Thousand Six Hundred Dollars ($8,600.00) or, if less, the aggregate principal amount of such Lender's advances made to Borrower under the Loan Agreement (as defined below), together with all interest thereon at the rate of 18% (or, as applicable, the default rate of interest set forth therein), and other amounts owing in connection therewith in accordance with the terms of the "Loan Agreement" (as hereinafter defined). All capitalized terms used but not otherwise defined herein have the meanings given to them in the Loan Agreement.

  This Promissory Note is one of the Notes issued pursuant to that certain Loan Agreement, dated as of May 7, 2002, by and among Borrower and each of the Lenders from time to time party thereto (the "Loan Agreement") and is entitled to all of the benefits of the Loan Agreement. Reference is hereby made to the Loan Agreement for a statement of all of the terms and conditions under which the loans evidenced hereby are made and are to be repaid. The date and amount of each advance made by Lender to Borrower, the rates of interest applicable thereto and each payment made on account of the principal thereof, shall be recorded by Lender on its books; provided that the failure of Lender to make any such recordation shall not affect the obligations of Borrower to make a payment when due of any amount owing under the Loan Agreement or this Promissory Note in respect of advances made by Lender to Borrower.

  The principal amount of the indebtedness evidenced hereby shall be payable in the amounts and on the dates specified in the Loan Agreement, the terms of which are hereby incorporated herein by reference. Interest thereon shall be paid until such principal amount is paid in full at such interest rates and at such times, and pursuant to such calculations, as are specified in the Loan Agreement.

  If any payment on this Promissory Note becomes due and payable on a day other than a Business Day, the maturity thereof shall be extended to the next succeeding Business Day and, with respect to payments of principal, interest hereon shall be payable at the then applicable rate during such extension.

  Upon and after the occurrence of any Event of Default, this Promissory Note may, as provided in the Loan Agreement, and without demand, notice or legal process of any kind, be declared, and immediately shall become, due and payable.

Time is of the essence of this Promissory Note. Demand, presentment, protest and notice of nonpayment and protest are hereby waived by Borrower. Except as expressly provided in the Loan Agreement, this Note may not be assigned by Lender to any Person.

This Promissory Note is deemed to be subordinate in all respects, whether in right of payment, priority or otherwise, to any indebtedness for borrowed money of Borrower existing as of the date of the Loan Agreement (together with any refinancings or replacements of such existing indebtedness, provided that any refinancings or replacements of such existing indebtedness shall be approved by the board of directors of Borrower in accordance with applicable law).

THIS NOTE AND THE RIGHTS AND OBLIGATIONS OF THE PARTIES UNDER THIS NOTE SHALL BE GOVERNED BY AND SHALL BE CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK (WITHOUT REFERENCE TO THE CONFLICT OF LAW RULES THEREOF WHICH COULD CAUSE THE LAW OF ANY OTHER STATE TO APPLY).

ALH II, INC.

By:   William R. Lanius
Title: Chief Financial Officer

# PROMISSORY NOTE

$35,000.00

New, York, New York
May, 7, 2002

FOR VALUE RECEIVED, the undersigned, ALH II, Inc., a Delaware corporation ("Borrower"), HEREBY PROMISES TO PAY to Dennis M. Wasser, Esq. ("Lender"), at Lender's address at Wasser, Rosenson & Carter, 2029 Century Park East, Suite 1200, Los Angeles, California 90067, or at such other place as Lender may designate from time to time in writing, in lawful money of the United States of America and in immediately available funds, the principal amount of Thirty-Five Thousand Dollars ($35,000.00) or, if less, the aggregate principal amount of such Lender's advances made to Borrower under the Loan Agreement (as defined below), together with all interest thereon at the rate of 18% (or, as applicable, the default rate of interest set forth therein), and other amounts owing in connection therewith in accordance with the terms of the "Loan Agreement" (as hereinafter defined). All capitalized terms used but not otherwise defined herein have the meanings given to them in the Loan Agreement.

This Promissory Note is one of the Notes issued pursuant to that certain Loan Agreement, dated as of May 7, 2002, by and among Borrower and each of the Lenders from time to time party thereto (the "Loan Agreement") and is entitled to all of the benefits of the Loan Agreement. Reference is hereby made to the Loan Agreement for a statement of all of the terms and conditions under which the loans evidenced hereby are made and are to be repaid. The date and amount of each advance made by Lender to Borrower, the rates of interest applicable thereto and each payment made on account of the principal thereof, shall be recorded by Lender on its books; provided that the failure of Lender to make any such recordation shall not affect the obligations of Borrower to make a payment when due of any amount owing under the Loan Agreement or this Promissory Note in respect of advances made by Lender to Borrower.

The principal amount of the indebtedness evidenced hereby shall be payable in the amounts and on the dates specified in the Loan Agreement, the terms of which are hereby incorporated herein by reference. Interest thereon shall be paid until such principal amount is paid in full at such interest rates and at such times, and pursuant to such calculations, as are specified in the Loan Agreement.

If any payment on this Promissory Note becomes due and payable on a day other than a Business Day, the maturity thereof shall be extended to the next succeeding Business Day and, with respect to payments of principal, interest hereon shall be payable at the then applicable rate during such extension.

Upon and after the occurrence of any Event of Default, this Promissory Note may, as provided in the Loan Agreement, and without demand, notice or legal process of any kind, be declared, and immediately shall become, due and payable.

Time is of the essence of this Promissory Note. Demand, presentment, protest and notice of nonpayment and protest are hereby waived by Borrower. Except as expressly provided in the Loan Agreement, this Note may not be assigned by Lender to any Person.

This Promissory Note is deemed to be subordinate in all respects, whether in right of payment, priority or otherwise, to any indebtedness for borrowed money of Borrower existing as of the date of the Loan Agreement (together with any refinancings or replacements of such existing indebtedness, provided that any refinancings or replacements of such existing indebtedness shall be approved by the board of directors of Borrower in accordance with applicable law).

THIS NOTE AND THE RIGHTS AND OBLIGATIONS OF THE PARTIES UNDER THIS NOTE SHALL BE GOVERNED BY AND SHALL BE CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK (WITHOUT REFERENCE TO THE CONFLICT OF LAW RULES THEREOF WHICH COULD CAUSE THE LAW OF ANY OTHER STATE TO APPLY).

ALH II, INC.


By:    William R. Lanius
Title: Chief Financial Officer

# PROMISSORY NOTE

$312,500.00

New, York, New York
May, 7, 2002

FOR VALUE RECEIVED, the undersigned, ALH II, Inc., a Delaware corporation ("Borrower"), HEREBY PROMISES TO PAY to D.A. Gardens, Ltd. ("Lender"), at Lender's address at 5 Hashita Street, P.O. Box 3566, Caesera, Israel, or at such other place as Lender may designate from time to time in writing, in lawful money of the United States of America and in immediately available funds, the principal amount of Three Hundred Twelve Thousand Five Hundred Dollars ($312,500.00) or, if less, the aggregate principal amount of such Lender's advances made to Borrower under the Loan Agreement (as defined below), together with all interest thereon at the rate of 18% (or, as applicable, the default rate of interest set forth therein), and other amounts owing in connection therewith in accordance with the terms of the "Loan Agreement" (as hereinafter defined). All capitalized terms used but not otherwise defined herein have the meanings given to them in the Loan Agreement.

This Promissory Note is one of the Notes issued pursuant to that certain Loan Agreement, dated as of May 7, 2002, by and among Borrower and each of the Lenders from time to time party thereto (the "Loan Agreement") and is entitled to all of the benefits of such Loan Agreement. Reference is hereby made to the Loan Agreement for a statement of all of the terms and conditions under which the loans evidenced hereby are made and are to be repaid. The date and amount of each advance made by Lender to Borrower, the rates of interest applicable thereto and each payment made on account of the principal thereof, shall be recorded by Lender on its books; provided that the failure of Lender to make any such recordation shall not affect the obligations of Borrower to make a payment when due of any amount owing under the Loan Agreement or this Promissory Note in respect of advances made by Lender to Borrower.

The principal amount of the indebtedness evidenced hereby shall be payable in the amounts and on the dates specified in the Loan Agreement, the terms of which are hereby incorporated herein by reference. Interest thereon shall be paid until such principal amount is paid in full at such interest rates and at such times, and pursuant to such calculations, as are specified in the Loan Agreement.

If any payment on this Promissory Note becomes due and payable on a day other than a Business Day, the maturity thereof shall be extended to the next succeeding Business Day and, with respect to payments of principal, interest hereon shall be payable at the then applicable rate during such extension.

Upon and after the occurrence of any Event of Default, this Promissory Note may, as provided in the Loan Agreement, and without demand, notice or legal process of any kind, be declared, and immediately shall become, due and payable.

Time is of the essence of this Promissory Note. Demand, presentment, protest and notice of nonpayment and protest are hereby waived by Borrower. Except as expressly provided in the Loan Agreement, this Note may not be assigned by Lender to any Person.

This Promissory Note is deemed to be subordinate in all respects, whether in right of payment, priority or otherwise, to any indebtedness for borrowed money of Borrower existing as of the date of the Loan Agreement (together with any refinancings or replacements of such existing indebtedness, provided that any refinancings or replacements of such existing indebtedness shall be approved by the board of directors of Borrower in accordance with applicable law).

THIS NOTE AND THE RIGHTS AND OBLIGATIONS OF THE PARTIES UNDER THIS NOTE SHALL BE GOVERNED BY AND SHALL BE CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK (WITHOUT REFERENCE TO THE CONFLICT OF LAW RULES THEREOF WHICH COULD CAUSE THE LAW OF ANY OTHER STATE TO APPLY).

ALH II, INC.

By:    William R. Lanius
Title: Chief Financial Officer

# PROMISSORY NOTE

**$312,500.00**

New, York, New York
May, 7, 2002

FOR VALUE RECEIVED, the undersigned, ALH II, Inc., a Delaware corporation ("Borrower"), HEREBY PROMISES TO PAY to The Erica Jesselson 1994 CLAT ("Lender"), at Lender's address at 450 Park Avenue, Suite 2603, New York, New York 10022, or at such other place as Lender may designate from time to time in writing, in lawful money of the United States of America and in immediately available funds, the principal amount of Three Hundred Twelve Thousand Five Hundred Dollars ($312,500.00) or, if less, the aggregate principal amount of such Lender's advances made to Borrower under the Loan Agreement (as defined below), together with all interest thereon at the rate of 18% (or, as applicable, the default rate of interest set forth therein), and other amounts owing in connection therewith in accordance with the terms of the "Loan Agreement" (as hereinafter defined). All capitalized terms used but not otherwise defined herein have the meanings given to them in the Loan Agreement.

This Promissory Note is one of the Notes issued pursuant to that certain Loan Agreement, dated as of May 7, 2002, by and among Borrower and each of the Lenders from time to time party thereto (the "Loan Agreement") and is entitled to all of the benefits of the Loan Agreement. Reference is hereby made to the Loan Agreement for a statement of all of the terms and conditions under which the loans evidenced hereby are made and are to be repaid. The date and amount of each advance made by Lender to Borrower, the rates of interest applicable thereto and each payment made on account of the principal thereof, shall be recorded by Lender on its books; provided that the failure of Lender to make any such recordation shall not affect the obligations of Borrower to make a payment when due of any amount owing under the Loan Agreement or this Promissory Note in respect of advances made by Lender to Borrower.

The principal amount of the indebtedness evidenced hereby shall be payable in the amounts and on the dates specified in the Loan Agreement, the terms of which are hereby incorporated herein by reference. Interest thereon shall be paid until such principal amount is paid in full at such interest rates and at such times, and pursuant to such calculations, as are specified in the Loan Agreement.

If any payment on this Promissory Note becomes due and payable on a day other than a Business Day, the maturity thereof shall be extended to the next succeeding Business Day and, with respect to payments of principal, interest hereon shall be payable at the then applicable rate during such extension.

Upon and after the occurrence of any Event of Default, this Promissory Note may, as provided in the Loan Agreement, and without demand, notice or legal process of any kind, be declared, and immediately shall become, due and payable.

Time is of the essence of this Promissory Note. Demand, presentment, protest and notice of nonpayment and protest are hereby waived by Borrower. Except as expressly provided in the Loan Agreement, this Note may not be assigned by Lender to any Person.

This Promissory Note is deemed to be subordinate in all respects, whether in right of payment, priority or otherwise, to any indebtedness for borrowed money of Borrower existing as of the date of the Loan Agreement (together with any refinancings or replacements of such existing indebtedness, provided that any refinancings or replacements of such existing indebtedness shall be approved by the board of directors of Borrower in accordance with applicable law).

THIS NOTE AND THE RIGHTS AND OBLIGATIONS OF THE PARTIES UNDER THIS NOTE SHALL BE GOVERNED BY AND SHALL BE CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK (WITHOUT REFERENCE TO THE CONFLICT OF LAW RULES THEREOF WHICH COULD CAUSE THE LAW OF ANY OTHER STATE TO APPLY).

ALH II, INC.

By: William R. Lanius
Title: Chief Financial Officer

## PROMISSORY NOTE

$625,000.00                                               New, York, New York
                                                          May, 7, 2002

FOR VALUE RECEIVED, the undersigned, ALH II, Inc., a Delaware corporation ("Borrower"), HEREBY PROMISES TO PAY to SELK, LLC, a Delaware limited liability company ("Lender"), at Lender's address at c/o Shalom E. Lamm, 489 Fifth Avenue, New York, New York 10017, or at such other place as Lender may designate from time to time in writing, in lawful money of the United States of America and in immediately available funds, the principal amount of Six Hundred Twenty-Five Thousand Dollars ($625,000.00) or, if less, the aggregate principal amount of such Lender's advances made to Borrower under the Loan Agreement (as defined below), together with all interest thereon at the rate of 18% (or, as applicable, the default rate of interest set forth therein), and other amounts owing in connection therewith in accordance with the terms of the "Loan Agreement" (as hereinafter defined). All capitalized terms used but not otherwise defined herein have the meanings given to them in the Loan Agreement.

This Promissory Note is one of the Notes issued pursuant to that certain Loan Agreement, dated as of May 7, 2002, by and among Borrower and each of the Lenders from time to time party thereto (the "Loan Agreement") and is entitled to all of the benefits of the Loan Agreement. Reference is hereby made to the Loan Agreement for a statement of all of the terms and conditions under which the loans evidenced hereby are made and are to be repaid. The date and amount of each advance made by Lender to Borrower, the rates of interest applicable thereto and each payment made on account of the principal thereof, shall be recorded by Lender on its books; provided that the failure of Lender to make any such recordation shall not affect the obligations of Borrower to make a payment when due of any amount owing under the Loan Agreement or this Promissory Note in respect of advances made by Lender to Borrower.

The principal amount of the indebtedness evidenced hereby shall be payable in the amounts and on the dates specified in the Loan Agreement, the terms of which are hereby incorporated herein by reference. Interest thereon shall be paid until such principal amount is paid in full at such interest rates and at such times, and pursuant to such calculations, as are specified in the Loan Agreement.

If any payment on this Promissory Note becomes due and payable on a day other than a Business Day, the maturity thereof shall be extended to the next succeeding Business Day and, with respect to payments of principal, interest hereon shall be payable at the then applicable rate during such extension.

Upon and after the occurrence of any Event of Default, this Promissory Note may, as provided in the Loan Agreement, and without demand, notice or legal process of any kind, be declared, and immediately shall become, due and payable.

Time is of the essence of this Promissory Note. Demand, presentment, protest and notice of nonpayment and protest are hereby waived by Borrower. Except as expressly provided in the Loan Agreement, this Note may not be assigned by Lender to any Person.

This Promissory Note is deemed to be subordinate in all respects, whether in right of payment, priority or otherwise, to any indebtedness for borrowed money of Borrower existing as of the date of the Loan Agreement (together with any refinancings or replacements of such existing indebtedness, provided that any refinancings or replacements of such existing indebtedness shall be approved by the board of directors of Borrower in accordance with applicable law).

THIS NOTE AND THE RIGHTS AND OBLIGATIONS OF THE PARTIES UNDER THIS NOTE SHALL BE GOVERNED BY AND SHALL BE CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK (WITHOUT REFERENCE TO THE CONFLICT OF LAW RULES THEREOF WHICH COULD CAUSE THE LAW OF ANY OTHER STATE TO APPLY).

ALH II, INC.

By:    William R. Lanius
Title: Chief Financial Officer

# EXHIBIT 3

# ALH II, Inc.

| | |
|---|---|
| **DATE:** | May 29, 2002 |
| **TO:** | Shamrock Holdings of California, Inc. |
| **ATTENTION:** | George Buchler |
| **FROM:** | Bill Lanius |
| **RE:** | 2nd and Final Loan Draw |

The following is notice of our request for the 2nd and final draw on your the loan to ALH II. Please wire the funds or send a check in the amount of $785,920 as follows:

<table>
<tr><td>

**Wire funds to:**
AmSouth Bank
9421 Baymeadows Road
Jacksonville, Florida, USA 32256
(904) 281-2720
to account of ALH II, Inc.
Account# 3283372148
ABA# 062000019

</td><td>

**Mail checks payable to ALH II, Inc. to:**
ALH II, Inc.
c/o William R. Lanius
7800 Belfort Parkway
Suite 200
Jacksonville, FL 32556

</td></tr>
</table>

The following is a summary of your loan funding as of this date:

| | Draw #1 | Draw #2 | Total |
|---|---|---|---|
| **Loan Commitment Amount** | | | |
| Total Loan Commitment | $1,178,880 | $785,920 | $1,964,800 |
| Less: Closing Fee | (58,944) | 0 | (58,944) |
| Net Loan Commitment | $1,119,936 | $785,920 | $1,905,856 |

*Note: The closing fee equal to 3% of the total loan commitment was deducted from Draw #1.*

| | Draw #1 | Draw #2 | |
|---|---|---|---|
| **Loan Funding History** | | | |
| Amount Requested | $1,119,936 | $785,920 | ⇐ |
| Less: Amount Received | (1,119,936) | *requested* | |
| Balance to Fund (or Amount Refunded) | $0 | $785,920 | |

Please call me at (904) 279-9506 if you have any questions concerning this loan draw request. Thank you.

■ Atlantic Builders (Jacksonville, FL)     ■ Bowden Building (Memphis, TN)     ■ Mulvaney Homes (Charlotte, NC)

# ALH II, Inc.

7800 Belfort Parkway, Suite 200
Jacksonville, FL 32256

Phone: (904) 279-9506
Fax: (904) 279-9556

### BORROWER'S NOTICE
#### May 29, 2002

I, William R. Lanius, the chief financial officer of ALH II, Inc., a Delaware corporation ("Borrower"), am delivering this Borrower's Notice to Shamrock Holdings of California, Inc. ("Addressee Lender") pursuant to the Loan Agreement, dated May 7, 2002 (the "Loan Agreement"), by and among Borrower and each of the Lenders from time to time signatory thereto. Capitalized terms used in this Borrower's Notice but not defined herein shall have the meanings ascribed to them in the Loan Agreement.

Borrower hereby gives irrevocable notice, pursuant to Section 1.01(a) of the Loan Agreement, of its request for a Subsequent Advance in the amount of $1,750,000 to be made on June 11, 2002. The Pro Rata Share of Addressee Lender for such Subsequent Advance is $785,920.

On behalf of Borrower, I hereby certify that each of the following are true and correct as of the date hereof:

(1) The Borrower has not received an executed counterpart of the Loan Agreement from all Lenders; however, each of the Lenders has fully funded their proportionate share of the initial loan draw. Except as described in the foregoing sentence, the conditions set forth in Section 3.02 of the Loan Agreement have been satisfied as of the date hereof.

(2) All of the representations and warranties of the Borrower set forth in the Loan Agreement are true and correct as of the date hereof and shall be true and correct immediately prior to and upon giving effect to the Subsequent Advance requested hereunder.

(3) No event has occurred and no condition exists which, but for the passage of time or providing notice, constitutes or would constitute an Event of Default under the Loan Agreement, or which could have a Material Adverse Effect on the Borrower.

ALH II, INC.

By: _____
William R. Lanius
Chief Financial Officer

■ Atlantic Builders (Jacksonville, FL)    ■ Bowden Building (Memphis, TN)    ■ Mulvancy Homes (Charlotte, NC)

# PROMISSORY NOTE

$35,000.00

New, York, New York
May, 7, 2002

FOR VALUE RECEIVED, the undersigned, ALH II, Inc., a Delaware corporation ("Borrower"), HEREBY PROMISES TO PAY to Dennis M. Wasser, Esq. ("Lender"), at Lender's address at Wasser, Rosenson & Carter, 2029 Century Park East, Suite 1200, Los Angeles, California 90067, or at such other place as Lender may designate from time to time in writing, in lawful money of the United States of America and in immediately available funds, the principal amount of Thirty-Five Thousand Dollars ($35,000.00) or, if less, the aggregate principal amount of such Lender's advances made to Borrower under the Loan Agreement (as defined below), together with all interest thereon at the rate of 18% (or, as applicable, the default rate of interest set forth therein), and other amounts owing in connection therewith in accordance with the terms of the "Loan Agreement" (as hereinafter defined). All capitalized terms used but not otherwise defined herein have the meanings given to them in the Loan Agreement.

This Promissory Note is one of the Notes issued pursuant to that certain Loan Agreement, dated as of May 7, 2002, by and among Borrower and each of the Lenders from time to time party thereto (the "Loan Agreement") and is entitled to all of the benefits of the Loan Agreement. Reference is hereby made to the Loan Agreement for a statement of all of the terms and conditions under which the loans evidenced hereby are made and are to be repaid. The date and amount of each advance made by Lender to Borrower, the rates of interest applicable thereto and each payment made on account of the principal thereof, shall be recorded by Lender on its books; provided that the failure of Lender to make any such recordation shall not affect the obligations of Borrower to make a payment when due of any amount owing under the Loan Agreement or this Promissory Note in respect of advances made by Lender to Borrower.

The principal amount of the indebtedness evidenced hereby shall be payable in the amounts and on the dates specified in the Loan Agreement, the terms of which are hereby incorporated herein by reference. Interest thereon shall be paid until such principal amount is paid in full at such interest rates and at such times, and pursuant to such calculations, as are specified in the Loan Agreement.

If any payment on this Promissory Note becomes due and payable on a day other than a Business Day, the maturity thereof shall be extended to the next succeeding Business Day and, with respect to payments of principal, interest hereon shall be payable at the then applicable rate during such extension.

Upon and after the occurrence of any Event of Default, this Promissory Note may, as provided in the Loan Agreement, and without demand, notice or legal process of any kind, be declared, and immediately shall become, due and payable.

Time is of the essence of this Promissory Note. Demand, presentment, protest and notice of nonpayment and protest are hereby waived by Borrower. Except as expressly provided in the Loan Agreement, this Note may not be assigned by Lender to any Person.

This Promissory Note is deemed to be subordinate in all respects, whether in right of payment, priority or otherwise, to any indebtedness for borrowed money of Borrower existing as of the date of the Loan Agreement (together with any refinancings or replacements of such existing indebtedness, provided that any refinancings or replacements of such existing indebtedness shall be approved by the board of directors of Borrower in accordance with applicable law).

THIS NOTE AND THE RIGHTS AND OBLIGATIONS OF THE PARTIES UNDER THIS NOTE SHALL BE GOVERNED BY AND SHALL BE CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK (WITHOUT REFERENCE TO THE CONFLICT OF LAW RULES THEREOF WHICH COULD CAUSE THE LAW OF ANY OTHER STATE TO APPLY).

**ALH II, INC.**

By:    **William R. Lanius**
Title: **Chief Financial Officer**

# PROMISSORY NOTE

$312,500.00

New, York, New York
May, 7, 2002

FOR VALUE RECEIVED, the undersigned, ALH II, Inc., a Delaware corporation ("Borrower"), HEREBY PROMISES TO PAY to D.A. Gardens, Ltd. ("Lender"), at Lender's address at 5 Hashita Street, P.O. Box 3566, Caesera, Israel, or at such other place as Lender may designate from time to time in writing, in lawful money of the United States of America and in immediately available funds, the principal amount of Three Hundred Twelve Thousand Five Hundred Dollars ($312,500.00) or, if less, the aggregate principal amount of such Lender's advances made to Borrower under the Loan Agreement (as defined below), together with all interest thereon at the rate of 18% (or, as applicable, the default rate of interest set forth therein), and other amounts owing in connection therewith in accordance with the terms of the "Loan Agreement" (as hereinafter defined). All capitalized terms used but not otherwise defined herein have the meanings given to them in the Loan Agreement.

This Promissory Note is one of the Notes issued pursuant to that certain Loan Agreement, dated as of May 7, 2002, by and among Borrower and each of the Lenders from time to time party thereto (the "Loan Agreement") and is entitled to all of the benefits of such Loan Agreement. Reference is hereby made to the Loan Agreement for a statement of all of the terms and conditions under which the loans evidenced hereby are made and are to be repaid. The date and amount of each advance made by Lender to Borrower, the rates of interest applicable thereto and each payment made on account of the principal thereof, shall be recorded by Lender on its books; provided that the failure of Lender to make any such recordation shall not affect the obligations of Borrower to make a payment when due of any amount owing under the Loan Agreement or this Promissory Note in respect of advances made by Lender to Borrower.

The principal amount of the indebtedness evidenced hereby shall be payable in the amounts and on the dates specified in the Loan Agreement, the terms of which are hereby incorporated herein by reference. Interest thereon shall be paid until such principal amount is paid in full at such interest rates and at such times, and pursuant to such calculations, as are specified in the Loan Agreement.

If any payment on this Promissory Note becomes due and payable on a day other than a Business Day, the maturity thereof shall be extended to the next succeeding Business Day and, with respect to payments of principal, interest hereon shall be payable at the then applicable rate during such extension.

Upon and after the occurrence of any Event of Default, this Promissory Note may, as provided in the Loan Agreement, and without demand, notice or legal process of any kind, be declared, and immediately shall become, due and payable.

Time is of the essence of this Promissory Note. Demand, presentment, protest and notice of nonpayment and protest are hereby waived by Borrower. Except as expressly provided in the Loan Agreement, this Note may not be assigned by Lender to any Person.

This Promissory Note is deemed to be subordinate in all respects, whether in right of payment, priority or otherwise, to any indebtedness for borrowed money of Borrower existing as of the date of the Loan Agreement (together with any refinancings or replacements of such existing indebtedness, provided that any refinancings or replacements of such existing indebtedness shall be approved by the board of directors of Borrower in accordance with applicable law).

THIS NOTE AND THE RIGHTS AND OBLIGATIONS OF THE PARTIES UNDER THIS NOTE SHALL BE GOVERNED BY AND SHALL BE CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK (WITHOUT REFERENCE TO THE CONFLICT OF LAW RULES THEREOF WHICH COULD CAUSE THE LAW OF ANY OTHER STATE TO APPLY).

ALH II, INC.


By:    William R. Lanius
Title: Chief Financial Officer

## PROMISSORY NOTE

$312,500.00

New, York, New York
May, 7, 2002

FOR VALUE RECEIVED, the undersigned, ALH II, Inc., a Delaware corporation ("Borrower"), HEREBY PROMISES TO PAY to The Erica Jesselson 1994 CLAT ("Lender"), at Lender's address at 450 Park Avenue, Suite 2603, New York, New York 10022, or at such other place as Lender may designate from time to time in writing, in lawful money of the United States of America and in immediately available funds, the principal amount of Three Hundred Twelve Thousand Five Hundred Dollars ($312,500.00) or, if less, the aggregate principal amount of such Lender's advances made to Borrower under the Loan Agreement (as defined below), together with all interest thereon at the rate of 18% (or, as applicable, the default rate of interest set forth therein), and other amounts owing in connection therewith in accordance with the terms of the "Loan Agreement" (as hereinafter defined). All capitalized terms used but not otherwise defined herein have the meanings given to them in the Loan Agreement.

This Promissory Note is one of the Notes issued pursuant to that certain Loan Agreement, dated as of May 7, 2002, by and among Borrower and each of the Lenders from time to time party thereto (the "Loan Agreement") and is entitled to all of the benefits of the Loan Agreement. Reference is hereby made to the Loan Agreement for a statement of all of the terms and conditions under which the loans evidenced hereby are made and are to be repaid. The date and amount of each advance made by Lender to Borrower, the rates of interest applicable thereto and each payment made on account of the principal thereof, shall be recorded by Lender on its books; provided that the failure of Lender to make any such recordation shall not affect the obligations of Borrower to make a payment when due of any amount owing under the Loan Agreement or this Promissory Note in respect of advances made by Lender to Borrower.

The principal amount of the indebtedness evidenced hereby shall be payable in the amounts and on the dates specified in the Loan Agreement, the terms of which are hereby incorporated herein by reference. Interest thereon shall be paid until such principal amount is paid in full at such interest rates and at such times, and pursuant to such calculations, as are specified in the Loan Agreement.

If any payment on this Promissory Note becomes due and payable on a day other than a Business Day, the maturity thereof shall be extended to the next succeeding Business Day and, with respect to payments of principal, interest hereon shall be payable at the then applicable rate during such extension.

Upon and after the occurrence of any Event of Default, this Promissory Note may, as provided in the Loan Agreement, and without demand, notice or legal process of any kind, be declared, and immediately shall become, due and payable.

Time is of the essence of this Promissory Note. Demand, presentment, protest and notice of nonpayment and protest are hereby waived by Borrower. Except as expressly provided in the Loan Agreement, this Note may not be assigned by Lender to any Person.

This Promissory Note is deemed to be subordinate in all respects, whether in right of payment, priority or otherwise, to any indebtedness for borrowed money of Borrower existing as of the date of the Loan Agreement (together with any refinancings or replacements of such existing indebtedness, provided that any refinancings or replacements of such existing indebtedness shall be approved by the board of directors of Borrower in accordance with applicable law).

THIS NOTE AND THE RIGHTS AND OBLIGATIONS OF THE PARTIES UNDER THIS NOTE SHALL BE GOVERNED BY AND SHALL BE CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK (WITHOUT REFERENCE TO THE CONFLICT OF LAW RULES THEREOF WHICH COULD CAUSE THE LAW OF ANY OTHER STATE TO APPLY).

ALH II, INC.

By: __William R. Lanius__
Title: Chief Financial Officer

# PROMISSORY NOTE

$625,000.00

New, York, New York
May, 7, 2002

FOR VALUE RECEIVED, the undersigned, ALH II, Inc., a Delaware corporation ("Borrower"), HEREBY PROMISES TO PAY to SELK, LLC, a Delaware limited liability company ("Lender"), at Lender's address at c/o Shalom E. Lamm, 489 Fifth Avenue, New York, New York 10017, or at such other place as Lender may designate from time to time in writing, in lawful money of the United States of America and in immediately available funds, the principal amount of Six Hundred Twenty-Five Thousand Dollars ($625,000.00) or, if less, the aggregate principal amount of such Lender's advances made to Borrower under the Loan Agreement (as defined below), together with all interest thereon at the rate of 18% (or, as applicable, the default rate of interest set forth therein), and other amounts owing in connection therewith in accordance with the terms of the "Loan Agreement" (as hereinafter defined). All capitalized terms used but not otherwise defined herein have the meanings given to them in the Loan Agreement.

This Promissory Note is one of the Notes issued pursuant to that certain Loan Agreement, dated as of May 7, 2002, by and among Borrower and each of the Lenders from time to time party thereto (the "Loan Agreement") and is entitled to all of the benefits of the Loan Agreement. Reference is hereby made to the Loan Agreement for a statement of all of the terms and conditions under which the loans evidenced hereby are made and are to be repaid. The date and amount of each advance made by Lender to Borrower, the rates of interest applicable thereto and each payment made on account of the principal thereof, shall be recorded by Lender on its books; provided that the failure of Lender to make any such recordation shall not affect the obligations of Borrower to make a payment when due of any amount owing under the Loan Agreement or this Promissory Note in respect of advances made by Lender to Borrower.

The principal amount of the indebtedness evidenced hereby shall be payable in the amounts and on the dates specified in the Loan Agreement, the terms of which are hereby incorporated herein by reference. Interest thereon shall be paid until such principal amount is paid in full at such interest rates and at such times, and pursuant to such calculations, as are specified in the Loan Agreement.

If any payment on this Promissory Note becomes due and payable on a day other than a Business Day, the maturity thereof shall be extended to the next succeeding Business Day and, with respect to payments of principal, interest hereon shall be payable at the then applicable rate during such extension.

Upon and after the occurrence of any Event of Default, this Promissory Note may, as provided in the Loan Agreement, and without demand, notice or legal process of any kind, be declared, and immediately shall become, due and payable.

Time is of the essence of this Promissory Note. Demand, presentment, protest and notice of nonpayment and protest are hereby waived by Borrower. Except as expressly provided in the Loan Agreement, this Note may not be assigned by Lender to any Person.

This Promissory Note is deemed to be subordinate in all respects, whether in right of payment, priority or otherwise, to any indebtedness for borrowed money of Borrower existing as of the date of the Loan Agreement (together with any refinancings or replacements of such existing indebtedness, provided that any refinancings or replacements of such existing indebtedness shall be approved by the board of directors of Borrower in accordance with applicable law).

THIS NOTE AND THE RIGHTS AND OBLIGATIONS OF THE PARTIES UNDER THIS NOTE SHALL BE GOVERNED BY AND SHALL BE CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK (WITHOUT REFERENCE TO THE CONFLICT OF LAW RULES THEREOF WHICH COULD CAUSE THE LAW OF ANY OTHER STATE TO APPLY).

ALH II, INC.


By:    William R. Lanius
Title: Chief Financial Officer

EXHIBIT 3

# ALH II, Inc.

| | |
|---|---|
| **DATE:** | May 29, 2002 |
| **TO:** | Shamrock Holdings of California, Inc. |
| **ATTENTION:** | George Buchler |
| **FROM:** | Bill Lanius |
| **RE:** | 2nd and Final Loan Draw |

The following is notice of our request for the 2nd and final draw on your the loan to ALH II. Please wire the funds or send a check in the amount of $785,920 as follows:

| Wire funds to: | Mail checks payable to ALH II, Inc. to: |
|---|---|
| AmSouth Bank | ALH II, Inc. |
| 9421 Baymeadows Road | c/o William R. Lanius |
| Jacksonville, Florida, USA 32256 | 7800 Belfort Parkway |
| (904) 281-2720 | Suite 200 |
| to account of ALH II, Inc. | Jacksonville, FL 32556 |
| Account# 3283372148 | |
| ABA# 062000019 | |

The following is a summary of your loan funding as of this date:

| | Draw #1 | Draw #2 | Total |
|---|---|---|---|
| **Loan Commitment Amount** | | | |
| Total Loan Commitment | $1,178,880 | $785,920 | $1,964,800 |
| Less: Closing Fee | (58,944) | 0 | (58,944) |
| Net Loan Commitment | $1,119,936 | $785,920 | $1,905,856 |

*Note: The closing fee equal to 3% of the total loan commitment was deducted from Draw #1.*

| | Draw #1 | Draw #2 | |
|---|---|---|---|
| **Loan Funding History** | | | |
| Amount Requested | $1,119,936 | $785,920 | ⇐ |
| Less: Amount Received | (1,119,936) | *requested* | |
| Balance to Fund (or Amount Refunded) | $0 | $785,920 | |

Please call me at (904) 279-9506 if you have any questions concerning this loan draw request. Thank you.

◼ Atlantic Builders (Jacksonville, FL)     ◼ Bowden Building (Memphis, TN)     ◼ Mulvaney Homes (Charlotte, NC)

# ALH II, Inc.

7800 Belfort Parkway, Suite 200
Jacksonville, FL 32256

Phone: (904) 279-9506
Fax: (904) 279-9556

## BORROWER'S NOTICE
### May 29, 2002

I, William R. Lanius, the chief financial officer of ALH II, Inc., a Delaware corporation ("Borrower"), am delivering this Borrower's Notice to Shamrock Holdings of California, Inc. ("Addressee Lender") pursuant to the Loan Agreement, dated May 7, 2002 (the "Loan Agreement"), by and among Borrower and each of the Lenders from time to time signatory thereto. Capitalized terms used in this Borrower's Notice but not defined herein shall have the meanings ascribed to them in the Loan Agreement.

Borrower hereby gives irrevocable notice, pursuant to Section 1.01(a) of the Loan Agreement, of its request for a Subsequent Advance in the amount of $1,750,000 to be made on June 11, 2002. The Pro Rata Share of Addressee Lender for such Subsequent Advance is $785,920.

On behalf of Borrower, I hereby certify that each of the following are true and correct as of the date hereof:

(1) The Borrower has not received an executed counterpart of the Loan Agreement from all Lenders; however, each of the Lenders has fully funded their proportionate share of the initial loan draw. Except as described in the foregoing sentence, the conditions set forth in Section 3.02 of the Loan Agreement have been satisfied as of the date hereof.

(2) All of the representations and warranties of the Borrower set forth in the Loan Agreement are true and correct as of the date hereof and shall be true and correct immediately prior to and upon giving effect to the Subsequent Advance requested hereunder.

(3) No event has occurred and no condition exists which, but for the passage of time or providing notice, constitutes or would constitute an Event of Default under the Loan Agreement, or which could have a Material Adverse Effect on the Borrower.

ALH II, INC.

By: _____
William R. Lanius
Chief Financial Officer

■ Atlantic Builders (Jacksonville, FL)      ■ Bowden Building (Memphis, TN)      ■ Mulvaney Homes (Charlotte, NC)

# EXHIBIT XX

Sep 03  03·11:28p  C/261 pm  Document 13-57    Filed 09/02/2005    Page 2 of 7    P.2

Case 3:05-cv-00206  pm  Document 13-57    Filed 09/02/2005    Page 2 of 7

**ACTION TAKEN BY
UNANIMOUS WRITTEN CONSENT
OF THE SUPERVISORY BOARD
OF
ALH HOLDINGS LLC
(a Delaware limited liability company)**

August ___, 2003

Pursuant to the provisions contained in Title 6, Sections 18-106 and 18-302(d) of the Delaware Limited Liability Company Act and to the Operating Agreement of ALH Holdings LLC, a Delaware limited liability company (the Company ), dated as of June 12, 1998, as amended (the Operating Agreement ), the undersigned, being all of the Representatives designated to serve on the Supervisory Board (the Supervisory Board ) of the Company hereby take the following action by unanimous written consent:

## APPROVAL OF DETERMINATION OF SPECIAL COMMITTEE

WHEREAS, at a duly scheduled meeting of the Supervisory Board of the Company held on June 26, 2003, the Supervisory Board of the Company authorized the creation of a Special Compensation Committee (the Special Committee ), comprised of the disinterested Representatives of the Class B Members of the Company serving on the Supervisory Board of the Company, to determine the appropriateness of paying, and the amount, if any, of, a bonus to Shamrock Holdings of California, Inc., a California corporation and Class A Member of the Company ( SHOC ) in exchange for its extraordinary and valuable services in facilitating the sale of substantially all of the assets of Atlantic Builders, Inc., a Florida corporation and an indirect, wholly-owned subsidiary of the Company ( ABI ) pursuant to the terms of the Asset Purchase Agreement, dated July 9, 2003, among ALH Acquisition Corp., a Delaware corporation and an indirect, wholly-owned subsidiary of the Company, ABI and Mattamy (Jacksonville) Partnership, a Florida general partnership (the Purchase Agreement ); and

WHEREAS, the Special Committee has unanimously determined that a fee in the amount of $200,000 should be paid to SHOC for its extraordinary and valuable services rendered in connection with the sale of substantially all of the assets of ABI pursuant to the Purchase Agreement (the SHOC Bonus ).

NOW, THEREFORE, BE IT RESOLVED, that the payment of the SHOC Bonus by the Company to SHOC, as recommended by the Special Committee for approval by the Supervisory Board, be, and it hereby is, approved, authorized, ratified and confirmed.

RESOLVED, that the officers of the Company be, and each of them hereby is, authorized and empowered, for and on behalf of the Company, to take such actions as such officers may deem advisable, necessary or desirable to deliver the SHOC Bonus to SHOC and to negotiate, execute and deliver such other certificates, documents, agreements or instruments required or desired to be delivered by the Company in connection with the payment by the Company of the SHOC Bonus, on such terms as such officers may deem advisable, necessary or desirable, the preparation, execution and delivery of such certificates, documents, agreements and instruments to be conclusive evidence of such due authorization by the Company.

## GENERAL RESOLUTIONS

RESOLVED, that each of the officers of the Company be, and each of them hereby is, authorized, directed and empowered on behalf of the Company and in its name to prepare, execute, deliver and/or file any applications, certificates, agreements, or any other instruments or documents, or amendments or supplements thereto, and to incur all fees and to pay all expenses which such officers may deem necessary or appropriate to enable the Company to carry out the obligations of the Company under, and to effect the transactions contemplated by the foregoing resolutions and to do and to cause to be done any and all other acts and things as such officers may in their discretion deem necessary or appropriate to carry out the purposes of the foregoing resolutions, the preparation, execution, delivery and/or filing of such certificates, documents, agreements and instruments, or the doing or causing to be done of such other acts and things, to be conclusive evidence of such due authorization by the Company.

RESOLVED, that any and all actions heretofore taken by any officer or Representative of the Company in connection with the foregoing be, and each of them hereby is, ratified, confirmed and approved.

85176

IN WITNESS WHEREOF, the undersigned have executed this Unanimous

Written Consent as of the date set forth above, thereby agreeing that the above resolutions shall

be of the same force and effect as if regularly adopted at a meeting of the Supervisory Board of

the Company held upon due notice.

_____
Shalom E. Lamm

_____
Bruce Stein

_____
Avie Arenson

_____
Eugene Krieger

_____
George Buchler

85176

ACTION TAKEN BY
UNANIMOUS WRITTEN CONSENT
OF THE SPECIAL COMPENSATION COMMITTEE
OF
ALH HOLDINGS LLC
(a Delaware limited liability company)

August ___, 2003

Pursuant to the provisions contained in Title 6, Sections 18-106 and 18-302(d) of the Delaware Limited Liability Company Act and to the Operating Agreement of ALH Holdings LLC, a Delaware limited liability company (the Company ), dated as of June 12, 1998, as amended (the Operating Agreement ), the undersigned, being all of the Representatives designated to serve on the Special Compensation Committee (the Special Committee ) of the Company hereby take the following action by unanimous written consent:

APPROVAL OF SHOC BONUS

WHEREAS, at a duly scheduled meeting of the Supervisory Board of the Company held on June 26, 2003, the Supervisory Board of the Company authorized the creation of the Special Committee, comprised of the disinterested Representatives of the Class B Members of the Company serving on the Supervisory Board of the Company, to determine the appropriateness of paying, and the amount, if any, of, a bonus to Shamrock Holdings of California, Inc., a California corporation and Class A Member of the Company ( SHOC ) in exchange for its extraordinary and valuable services in facilitating the sale of substantially all of the assets of Atlantic Builders, Inc., a Florida corporation and an indirect, wholly-owned subsidiary of the Company ( ABI ) pursuant to the terms of the Asset Purchase Agreement, dated July 9, 2003, among ALH Acquisition Corp., a Delaware corporation and an indirect, wholly-owned subsidiary of the Company, ABI and Mattamy (Jacksonville) Partnership, a Florida general partnership (the Purchase Agreement ); and

WHEREAS, the Special Committee of the Company has determined that SHOC should be paid a fee in the amount of $200,000 for the extraordinary and valuable services that SHOC rendered in connection with the sale of substantially all of the assets of ABI pursuant to the Purchase Agreement (the SHOC Bonus ).

NOW, THEREFORE, BE IT RESOLVED, that the Special Committee has determined that the SHOC Bonus should be paid to SHOC for the extraordinary and valuable services rendered by SHOC in connection with the sale of substantially all of the assets of ABI pursuant to the Purchase Agreement and recommends that the Supervisory Board of the Company approve the payment by the Company of the SHOC Bonus to SHOC.

RESOLVED, that the Special Committee hereby recommends that the officers of the Company be authorized and empowered, for and on behalf of the Company, to deliver the SHOC Bonus to SHOC and to negotiate, execute and deliver such other certificates, documents, agreements or instruments required or desired to be delivered by the Company in connection with the SHOC Bonus, on such terms as such officers may deem advisable, necessary or desirable, the preparation, execution and delivery of such certificates, documents, agreements and instruments to be conclusive evidence of such due authorization by the Company.

## GENERAL RESOLUTIONS

RESOLVED, that the Special Committee hereby recommends that each of the officers of the Company be authorized, directed and empowered on behalf of the Company and in its name to prepare, execute, deliver and/or file any applications, certificates, agreements, or any other instruments or documents, or amendments or supplements thereto, and to incur all fees and to pay all expenses which such officers may deem necessary or appropriate to enable the Company to carry out the obligations of the Company under, and to effect the transactions contemplated by, the foregoing resolutions and to do and to cause to be done any and all other acts and things as such officers may in their discretion deem necessary or appropriate to carry out the purposes of the foregoing resolutions, the preparation, execution, delivery and/or filing of such certificates, documents, agreements and instruments, or the doing or causing to be done of such other acts and things, to be conclusive evidence of such due authorization by the Company.

RESOLVED, that the Special Committee hereby recommends that any and all actions heretofore taken by any officer or Representative of the Company in connection with the foregoing be ratified, confirmed and approved.

85178

IN WITNESS WHEREOF, the undersigned have executed this Unanimous

Written Consent as of the date set forth above, thereby agreeing that the above resolutions shall

be of the same force and effect as if regularly adopted at a meeting of the Special Compensation

Committee of the Company held upon due notice.

_____
Shalom E. Lamm

_____
Avie Arenson

85178

# EXHIBIT Y

## Pamela Jarvis

| From: | Isaac M. Neuberger [IMN@NQGRG.com] |
|---|---|
| Sent: | Monday, August 09, 2004 7:06 PM |
| To: | Pamela Jarvis |
| Cc: | Thomas M. Wood; avie@arenson.co.il; bjj@jesselson.com; mgj@attglobal.net; konig@skynet.be; starjewelers@aol.com; mfrankel@iaac.com |

Subject: RE:

Thanks for the notices on the e-mails, my IT guys are trying to figure it out.

Please see responses in context:

**From:** Pamela Jarvis [mailto:pjarvis@josephnyc.com]
**Sent:** Monday, August 09, 2004 2:19 PM
**To:** Isaac M. Neuberger
**Cc:** Thomas M. Wood; avie@arenson.co.il; bjj@jesselson.com; mgj@attglobal.net; konig@skynet.be; starjewelers@aol.com; mfrankel@iaac.com
**Subject:** RE:

Dear Isaac:

I will forward to you separately the "returned mail" messages I received Friday evening. Perhaps they will help your tech people identify where the glitch was so that it won't recur.

The attachments to your August 8, 2004 email are by no means "the extent of" Mr. Arenson's communications with ALH regarding MHI. There have been many communications, both orally and in writing, over many months. It is my understanding that Mr. Arenson has been kept up-to-date, but as always, if he desires additional information, he need only ask.

*IMN- YOUR UNDERSTANDING IS IN ERROR. WE HAVE CAREFULLY MONITORED ALL OF THE COMMUNICATIONS FROM SHAMROCK.HE HAS GONE ON RECORD OPPOSING ALL THAT WE ARE COMPLAINING ABOUT....IF THIS IS SHAMROCK'S DEFENSE,IT IS VERY WEAK.SINCE SHAMROCK HAS MADE IT CLEAR TO MR. ARENSON THAT SHAMROCK HAD ITS OWN AGENDA, AND WE WARNED THEM OF THE OUTCOME , WHAT MORE COULD ANYONE HAVE EXPECTED OF HIM?*

Your comment that "none of the other Bs" knew certain information known to Mr. Arenson suggests that there may be a communication gap of some kind between your clients, but if that is so, it is hardly something that can be laid at Shamrock's door.

*IMN- THAT RELATED ONLY TO THE ORIGINAL LAMM/ZICH /HOURIHAN AGREEMENTS.THEY ARE IRRELEVANT TO OUR COMPLAINTS.PLEASE DO NOT TAKE THAT OUT OF CONTEXT.*

Mr. Buchler is available to speak with Mr. Arenson this coming week. (My offer to "coordinate" means nothing more than acting as conduit for scheduling purposes, so that a mutually convenient time can be arranged -- I trust that you see nothing sinister in that.)

8/8/2005

**IMN- THE EXCHANGE WE HAVE HAD IS VERY SINISTER. ALH IS BURNING AND BUCHLER IS VACATIONING. UNBELIEVABLE. I TRUST THAT YOU HAVE TOLD THESE ALH "CONTROL" DIRECTORS THAT THEY INDEPENDENT EXPOSURE, ASIDE FROM THEIR ROLES IN SHAMROCK?**

As previously stated, Shamrock and I are also available for a conference call at noon (U.S. east coast time) on August 25, which is a date and time that you suggested. If your clients do not wish to communicate with Shamrock, that is their choice, but in that event I think it ill-becomes them to complain that Shamrock has been incommunicative.

*IMN- IMAGINE THAT. WE WRITE A LETTER ON JULY 14, OFFER TO MEET AND ALL SHAMROCK CAN MUSTER IS A CALL ON AUGUST 25, AT A TIME WHEN MHI IS SO VERY CRITICAL. SOME OBJECTIVE FINDER OF THE FACTS WILL DETERMINE WHETHER OR NOT SHAMROCK HAS BEEN "INCOMMUNICATIVE"*

As I have repeatedly explained to you, I do not think the currently planned conference call is a constructive time to discuss what you refer to as "Shamrock's overall culpability."

**IMN- WHY NOT? MY CLIENTS HAVE INVESTED THEIR OWN MONEY, NOT "OPM", WHY ARE GOLD, KRIEGER HIDING? WE KNOW THAT BUCHLER IS VACATIONING, ARE THE OTHERS VACATIONING AS WELL?**

However, if you would like to have a lawyer-to-lawyer discussion of this subject, please contact me to set a time for a call this week.

**IMN- I WOULD BE HAPPY TO DO SO, IF YOU HAD SOME AUTHORITY TO DEAL WITH THE $7.5 MM+/- THAT MY CLIENTS HAVE INVESTED. DO YOU?**

As near as I can tell, the crux of your clients' "grievances" (to use your word) is that certain decisions with respect to ALH were made without their "consent." Under ALH's Operating Agreement, the Class B Members have never had more than one of the five representatives on ALH's board, and board action by ALH has never required a unanimous vote. Your clients knowingly chose to invest in ALH on these terms , i.e., on terms that expressly gave ALH the right to act without the Class Bs' "consent."

*IMN- YOU CONVENIENTLY SEEK TO IGNORE THAT SHAMROCK'S REASON FOR THESE DECISIONS HAVE NOTHING TO DO WITH THE AFFAIRS OF ALH, BUT THAT SHAMROCK WAS SPENDING TOO MUCH MANAGEMENT TIME......IS THAT WHAT YOU FEEL THAT THE B's BOUGHT INTO?*
*DID THE B's EVER EXPECT SHAMROCK TO TAKE OPERATING CONTROL?*
*DID THE B's EVER EXPECT SHAMROCK TO SELL OFF PROFITABLE DIVISIONS AND DESTROY THE ENTIRE BUSINESS PLAN THAT THEY HAD BOUGHT INTO?*
*JUST REMEMBER, THAT IN THE PERIOD IN QUESTION, HOMEBUILDING WAS A REAL WINNER, NOT AT ALH.*

Much of what you complain of was in fact consented to by Mr. Arenson as Class B representative, but even if that were not  so, I am unable to see that your clients have any

8/8/2005

basis whatsoever for a legal claim based on absence of their "consent."

### IMN- IF YOU REALLY BELIEVE THIS THEORY, THEN WHAT ON EARTH COULD WE POSSIBLY TALK ABOUT.? A JUDGE WILL HAVE TO AGREE WITH YOU,BEFORE WE GO AWAY.

### I THINK THAT TO THE CONTRARY, THIS IS A VERY STRONG CASE AND SO LONG AS YOU SEEK TO MINIMIZE IT, NO QUIET PROGRESS WILL BE MADE.

Moreover, it is undisputed that ALH originally sought a buyer for the entire company, but after many months of effort by the company's investment bankers, Jolson Merchant Partners (whose selection was approved by Mr. Arenson), no such buyer was found.

### IMN- HERE AGAIN YOU ARE WRONG. MDC, ONE OF THE NATIONS LARGEST BUILDERS, WALKED AWAY, AS THEY COULD NOT DEAL WITH SHAMROCK. I THINK, WE WILL FIND THAT LENNAR HAD A SIMILAR VIEW.

You have contended that the sale process should have been handled differently, but as you know, this is a most matter of business judgment that likewise cannot form the basis of a legal claim against Shamrock.

### IMN- FOR ALL OF THE REASON THAT I HAVE GIVEN YOU, THIS IS NOT A BUSINESS JUDGMENT CASE.

For these and other reasons, I believe that your "grievances" are wholly without merit.

### IMN- THEN WHY SHOULD WE CONFER?

In any context, I think it would be a waste of both parties' time and resources to discuss -- let alone litigate -- these issues, but I am willing discuss them with you (and your litigator, Mr. Wood) if you wish.

### IMN- TOWARDS WHAT END?

Perhaps we might also discuss whether the "course[s] of action" your clients are considering could expose them to liability for breach of fiduciary duty, e.g., if they disrupt a transaction beneficial to ALH and its various constituencies.

### IMN- IS THAT A THREAT? ANOTHER PREDICATE ACT?

The fact that Shamrock does not want to waste its own or your clients' time and resources on these meritless "grievances" in no way supports your accusations that "ALH has been left adrift," or that "vacation schedules . . . take precedence over the affairs of ALH."

### IMN- SIMPLY STATED,...BALONEY. SHAMROCK, ONLY WANTED TO RECOVER ITS LOANS, IT HAD WRITTEN OFF THE EQUITY AND INTENDED TO DRAG ALONG THE Bs.

## *YOU SEEM TO HAVE CAUGHT UP VERY WELL IN THIS REVISIONIST APPROACH TO WHAT HAPPENED...HOW IN THE WORLD CAN THEY EXPLAIN MEMPHIS?*

Nothing of the kind has occurred or is occurring. ALH's current and future needs are being attended to on an ongoing basis (with no help from your clients, as near as I can tell).

## *IMN- GREAT---WE ARE INSOLVENT AND HAVE BEEN...IS THAT THE ATTENTION THAT THE Bs BOUGHT INTO?*

Your repeated attempts to conflate the present business situation with your desire to find fault with past events are pointless and will not succeed.

### *IMN- THIS IS ABOUT THE 5TH TIME IN THIS E-MAIL THAT YOU HAVE DISMISSED OUR POSITION? WHAT COULD WE POSSIBLY TALK ABOUT? IF THIS CASE IS BROUGHT IN DELAWARE,NORTH CAROLINA OR ELSEWHERE OTHER THAN NYC, WILL YOU PARTICIPATE?*

You seem to be suggesting that what I "refer to [as] confessions of judgment" are in fact something else. As you will see from the July 2001 settlement documents, they include what are, on their face, confessions of judgment . Mr. Arenson was both fully informed of and consented to the terms of the settlement, which are set forth in great detail in the documents he approved.

## *IMN- HE APPROVED NOTHING. THIS ENTIRE MESS WILL BE A MAJOR ISSUE DEALING WITH FRIED FRANK*

Do you believe that ALH does not have a responsibility to seek to collect the amounts owed, and if so, what is the basis of this belief?

## *IMN- LAMM AND ZICH ARE WELL REPRESENTED. THEY WILL DEAL WITH THIS ON THEIR OWN. THE ONLY RELATIONSHIP WE HAVE IS THAT THEIR INTERESTS IN ALH HAVE BEEN SIMILARLY DESTROYED.*

Finally, I believe you are mistaken in your assertion that Mr. Zich obtained the most recent extension from Swiss Re; as far as I know, that extension was obtained by Mr. Buchler, Mr. Krieger and Mr. Lanius.

### *IMN- WRONG, AGAIN*

Sincerely,

Pamela Jarvis

-----Original Message-----
**From:** Isaac M. Neuberger [mailto:IMN@NQGRG.com]
**Sent:** Sunday, August 08, 2004 11:43 AM
**To:** Pamela Jarvis
**Cc:** Thomas M. Wood; avie@arenson.co.il; bjj@jesselson.com; mgj@attglobal.net; konig@skynet.be; starjewelers@aol.com; mfrankel@iaac.com
**Subject:**

I am unable to explain the difficulties you experienced on Friday evening.

Your fax/e-mail seeks to limit the agenda of the proposed phone call. You have suggested that Mr. Arenson is fully conversant with MHI and ALH. The attached e-mails are the extent of his communication.

Shamrock's unwillingness to address the the Bs' grievances or due to various vacation schedules to defer even a phone call is much akin to a game of russian roulette and I daresay that the gun being used has live ammunition.

ALH has been left adrift, with a part time consultant-CFO who tries his best to deal with the Banks, who I expect will prove to be a key and material witness in proving the Bs' allegations. While it is very generous of Mr. Buchler to "make time" for a call and that it be without lawyers, other than you will "coordinate" is just another "nail", when in my view, through prompt and current discussions, a great deal of aggravation could be avoided.

In light of the Lanius reports, there is great urgency to the issues and I assure that the Bs, if they even agree to proceed with a call, when Shamrock deigns one should occur, will not be able to separate the MHI issues from Shamrock's overall culpability.If your statement that Shamrock does "not intend to spend time" on what you refer to as "historical gripes", then personally I see no purpose in waiting for a call and just doing what must be done.Over the next three weeks, while Shamrock vacations, the Bs will decide their course of action and there may or may not be a conference call.

The Lamm and Zich issues are very much tied to ALH; the factual background that led to what you refer to "confessions of judgment" are of further concern to the Bs; while Mr. Arenson knew whatever it was that Shamrock told him happened, at that time, none of the other Bs, knew about it and to the contrary, it was Zich that initiated the relationship with Swiss Re and it was Zich that obtained the last extension. So long as the vacation schedules loom so large and take precedence over the affairs of ALH, the worst the situation is.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CONFIDENTIALITY NOTICE: This e-mail message from Neuberger, Quinn, Gielen, Rubin & Gibber, P.A. contains CONFIDENTIAL INFORMATION for the use ONLY of the intended recipient and may constitute a communication protected by the attorney-client privilege. If you are not the intended recipient or a person responsible for delivering it to the intended recipient, you are hereby notified that any use, distribution, or copying of this communication or its contents is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone at (410) 332-8550.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CONFIDENTIALITY NOTICE: This e-mail message from Neuberger, Quinn, Gielen, Rubin & Gibber, P.A. contains CONFIDENTIAL INFORMATION for the use ONLY of the intended recipient and may constitute a communication protected by the attorney-client privilege. If you are not the intended recipient or a person responsible for delivering it to the intended recipient, you are hereby notified that any use, distribution, or copying of this communication or its contents is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone at (410) 332-8550.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# EXHIBIT YY

## George Buchler

**From:** Arenson Avie [avie@arenson.co.il]
**Sent:** Friday, July 11, 2003 12:13 AM
**To:** George Buchler; slamm@lionlamm.com
**Cc:** Gene Krieger
**Subject:** Re: Sale of ABI

Good morning George:

My personal congratulations to all of you. As Shalom mentioned, he and I both agree that Shamrock is entitled to the bonus you suggested. We have no objections from the other 'B's, so please consider it a thank you of sorts from all of us.

Avie

> —— Original Message ——
> **From:** George Buchler
> **To:** Shalom Lamm (slamm@lionlamm.com) ; Avie Arenson (avie@arenson.co.il)
> **Cc:** Gene Krieger
> **Sent:** Friday, July 11, 2003 4:07 AM
> **Subject:** Sale of ABI
>
> The sale, as outlined in recent ALH Supervisory Board meetings closed this morning. All cash has been remitted to ABI. WE will immediately pay the remaining $4.21MM of the Bowden settlement, as required by the Settlement Agreement. Bill Lanius will shortly make payments to the shareholders who have advanced funds to ALH. Bill will be available, through a transition period, to help clean-up documentation and other matters related to the sale. He will then also assist in having others perform the functions which he has so capably performed for ALH for the past several years. I am confident that we will be able to carry on efficiently without Bill's full-time involvement.
>
> Gene and I, along with lawyers, labored long and hard to accomplish this transaction. More than ever, we believe that it is without question, in the best interests of ALH. We will shortly move ahead with the sale of Bowden, and will of course keep you informed of that as well. We ask that both of you in your respective capacities, notify the other "B" investors of what has been accomplished, and to the extent that they have advanced shareholder loans, they should expect repayment in the coming weeks.
>
> As always, Gene and I are available to answer any questions you have.

# EXHIBIT Z

**From:** George Buchler [gbuchler@shamrock.com]

**Sent:** Thursday, December 16, 2004 1:44 AM

**To:** 'Arenson Avie'

**Subject:** RE: ALH meeting

Avie-

I'm sorry you feel this way. But let's not confuse the facts-

1. Yes, we filed suit. What did we ask for? Millions of dollars as you and your fellow investors demanded that Shamrock pay you? No - our filing was for declaratory relief. Ask your lawyer what that means if you don't already know.

2. Whether you agree or not with the Board, you have obligations and duties as a director which cannot be dismissed merely because you disagree with the other directors. I'm sure Isaac, whom you copied on your correspondence, can tell you about this as well.

3. Yes - you are right that you have complained a lot. Actually, it has been more like whining. You and your "B" colleagues have not done anything constructive on any ALH issue - operations, finances, strategy, etc. The only thing you have spent time on is trying to have Shamrock, who has lost about as much money as the entire "B" class, reimburse you for your losses.

4. Above all, I placed faith in your integrity. When you informed me in writing a few days ago, that you would attend, I took you at your word that you would indeed intend. Nothing changed in the next few days, until just hours before the meeting, you capriciously decided not to attend a meeting involving decisions concerning millions of dollars. The meeting lasted about one hour - was this too much for you to spend on ALH business?

As I said in a previous note to you, I can only again express my extreme disappointment in your integrity and conduct as a director of ALH. Your treatment of your fellow directors and investors who have done nothing more than work incredibly hard in everyone's best interest is appalling.

George

-----Original Message-----
**From:** Arenson Avie [mailto:avie@arenson.co.il]
**Sent:** Wednesday, December 15, 2004 10:31 PM
**To:** George Buchler
**Cc:** Isaac M. Neuberger
**Subject:** re: ALH meeting

George:

On reflection,I decided that it would not be appropriate for me to convene in a meeting with people, who, in the course of discussions, filed a suit against me and some of my co-investors. We were engaged in an exchange,albeit through lawyers. The situation at and dismemberment of ALH,of which the sale to MHI is just another element in the Shamrock effort, of which we have complained of and is not something that I want to participate in. You have the votes,you have ignored or disregarded my advice and warnings and quite frankly, any further participation would be a waste of my time.

Avie Arenson

----- Original Message -----
**From:** George Buchler

**To:** 'Aren<del>Case 1:0</del>5-cv-00256    Document 13-60    Filed 09/02/2005    Page 3 of 4
**Sent:** Wednesday, December 15, 2004 9:50 AM
**Subject:** RE: ALH Holdings Board Meeting - Updated Draft Resolutions/Exhibits

Avie -

I received your note telling me that you're not attending the telephonic Board meeting at almost midnight, the night before the call. The call is only eight hours away. Barring an extraordinary family emergency, I cannot imagine why you won't participate - especially since you had earlier confirmed your attendance. Not participating in a call involving items of the importance indicated in the papers you have received is far less than I would have anticipated from you.

You are certainly entitled to vote as you see best for ALH - but not participating at all is inappropriate behavior for a director. You state in your note that you would vote against "barring some unforeseen discussion" during the meeting. How can you tell if such a discussion will or won't occur if you're not on the call?

I hope that you change your mind and participate at 8:00 Los Angeles time. Your participation and input is most welcome.

George Buchler


-----Original Message-----
**From:** Arenson Avie [mailto:avie@arenson.co.il]
**Sent:** Tuesday, December 14, 2004 11:38 PM
**To:** bridget.mccarthy@hklaw.com; gkrieger@shamrock.com; bstein@shamrock.com;
slamm@cannondev.com; George Buchler
**Subject:** Re: ALH Holdings Board Meeting - Updated Draft Resolutions/Exhibits

Dear George et al:

Unfortunately I cannot take part in the meeting.

Barring some unforseen discussion during the meeting , I would probably vote against anyway.

sorry.

Avie Arenson

----- Original Message -----
**From:** bridget.mccarthy@hklaw.com
**To:** gkrieger@shamrock.com ; bstein@shamrock.com ; avie@arenson.co.il ; slamm@cannondev.com
**Cc:** gbuchler@shamrock.com
**Sent:** Tuesday, December 14, 2004 6:15 AM
**Subject:** ALH Holdings Board Meeting - Updated Draft Resolutions/Exhibits


Gentlemen,

On behalf of George Buchler, attached for your review are revised and updated proposed resolutions to be adopted at the meeting of ALH Holdings' Supervisory Board this Wednesday. The proposed resolutions are black lined to show changes made since the first draft of the resolutions was circulated with the meeting notice on December 6.

Also attached are the latest versions of Exhibits A and B to the proposed resolutions (i.e., the Settlement and Release Agreement and Stock Purchase Agreement). While these agreements are still in draft form, they are very close to being finalized.

Please call Mr. Buchler at (818) 973-4222 if you should have any questions on the proposed resolutions or exhibits.

Bridget McCarthy

Holland & Knight LLP
Direct 213.896.2486
Fax   213.896.2450
Email  bridget.mccarthy@hklaw.com


<<Blacklined Version of Proposed Resolutions.DOC>> <<Black lined Settlement Agreement (12_13_04).DOC>> <<Draft Stock Purchase Agreement (12_11_04 Version).DOC>>

***********************************

CONFIDENTIALITY NOTICE: This e-mail message from Neuberger, Quinn, Gielen, Rubin & Gibber, P.A. contains CONFIDENTIAL INFORMATION for the use ONLY of the intended recipient and may constitute a communication protected by the attorney-client privilege. If you are not the intended recipient or a person responsible for delivering it to the intended recipient, you are hereby notified that any use, distribution, or copying of this communication or its contents is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone at (410) 332-8550.
***********************************

# EXHIBIT ZZ

### George Buchler

| | |
|---|---|
| **From:** | Arenson Avie [avie@arenson.co.il] |
| **Sent:** | Tuesday, July 30, 2002 10:03 AM |
| **To:** | George Buchler; Gene Krieger |
| **Cc:** | Isaac M. Neuberger |
| **Subject:** | ALH II |

As I told you last week, the Class B Investors met together in London.

While we had never met before, I am pleased to report that we had a very constructive discussion. The unanimous view of the Class Bs is that a sale of Bowden is ill advised at this time and that while we would like to continue the ALH operation with Shamrock, if Shamrock is unwilling to continue, we are prepared to explore in a very serious and expedited fashion a buy-out of Shamrock's position.

As I told you, the time frame for a Shamrock buy- out is one of weeks  and not months.

We feel very strongly that under these circumstances a sale of Bowden NOW, makes no sense for either ALH or for that matter Shamrock. The analysis flowing from a Bowden sale at $19 Million seems to only to weaken ALH and to make the sale of the remaining components that more difficult.

If in the next few weeks, it becomes apparent that we will not proceed with a buy-out of Shamrock, I will certainly advise you.

Avie Arenson

11/10/2004