## EXHIBIT B

### Isaac M. Neuberger

**From:** Pamela Jarvis [pjarvis@josephnyc.com]
**Sent:** Friday, August 27, 2004 11:49 AM
**To:** Isaac M. Neuberger
**Cc:** Thomas M. Wood
**Subject:** Applicability of Delaware Law

It occurred to me that you might not be aware that Section 10.2 of the ALH Holdings LLC Operating Agreement provides that "All questions concerning the construction, validity and interpretation of this Agreement and the performance of the obligations imposed by this Agreement shall be governed by the internal law, not the law of conflicts, of the State of Delaware."

Pamela Jarvis
Gregory P. Joseph Law Offices LLC
805 Third Avenue, 31st Floor
New York, NY 10022
Tel: 212-407-1250
Fax: 212-407-1278
pjarvis@josephnyc.com
www.josephnyc.com

[1]

## Isaac M. Neuberger

**From:** Isaac M. Neuberger
**Sent:** Friday, August 27, 2004 1:04 PM
**To:** Pamela Jarvis
**Cc:** Thomas M. Wood
**Subject:** RE: Applicability of Delaware Law

We are aware of this provision...it does NOT prevent the filing of a suit in North Carolina, does it?

As to George's unfortunate "lying through your teeth" comment, I am attaching the original set of e-mails, that reflect his deliberate "bad faith"...these e-mails were followed by face to face discussions, where the Bs discussed going as high as $7 MM.

Since it appears that Shamrock is unwilling to see its way clear towards an acceptable resolution, I suspect that much of this will be the subject of discovery.

As we consider the alternatives, if we were to agree to the Delaware Mediation that you proposed, would we be afforded the same discovery that we would be entitled if we proceed in a different forum.

[2]

| | |
|---|---|
| From: | Pamela Jarvis [pjarvis@josephnyc.com] |
| Sent: | Monday, August 30, 2004 8:57 AM |
| To: | Isaac M. Neuberger |
| Cc: | Thomas M. Wood |
| Subject: | Re: Applicability of Delaware Law |

Dear Isaac:

In addition to confirming that Delaware law governs, Section 10.2 would weigh in favor of Delaware as the appropriate forum.

The "suggestion of a $3 Million payment to the As," referred to in your 12/22/02 email, implied a payment to Shamrock less than $2 million. Even assuming, for the sake of argument, that if this "suggestion" constituted a written offer, it would not be a written offer to pay more than $2 million for Shamrock's interest in ALH. You assert that the December 2002 emails attached to your present email "were followed by face to face discussions, where the Bs discussed going as high as $7MM," but you have provided no documentation of such meetings or any offer -- written or otherwise -- of $7 million. When and where did these "face to face discussions" occur, and who were the participants? The Shamrock people have no recollection of such meetings, or, indeed, any face to face discussion with any of your clients (other than Mr. Arenson) on any subject relating to ALH. In any event, the fact that the parties did not agree on a buy-out price -- at whatever level -- is hardly evidence of "bad faith" on Shamrock's part.

The Delaware mediation process (like all other mediation processes I am aware of) does not provide for formal discovery, but the parties could of course agree to exchange whatever information they want to. Also, participation in the mediation would not affect the parties' ability to obtain discovery in future litigation, if any.

Sincerely,
Pamela Jarvis


Pamela Jarvis
Gregory P. Joseph Law Offices LLC
805 Third Avenue, 31st Floor
New York, New York 10022
Tel: 212.407.1250
Fax: 212.407.1278

-----Original Message-----
From: Isaac M. Neuberger <IMN@NQGRG.com>
To: Pamela Jarvis <pjarvis@josephnyc.com>
CC: Thomas M. Wood <TMW@NQGRG.com>
Sent: Fri Aug 27 13:04:23 2004
Subject: RE: Applicability of Delaware Law

We are aware of this provision...it does NOT prevent the filing of a suit in North Carolina, does it?

As to George's unfortunate "lying through your teeth" comment, I am attaching the original set of e-mails, that reflect his deliberate "bad faith"...these e-mails were followed by face to face discussions, where the Bs discussed going as high as $7 MM.

Since it appears that Shamrock is unwilling to see its way clear towards an acceptable resolution, I suspect that much of this will be the subject of discovery.

As we consider the alternatives, if we were to agree to the Delaware Mediation that you proposed, would we be afforded the same discovery that we would be entitled if we proceed in a different forum.

[3]

## Isaac M. Neuberger

**From:** Isaac M. Neuberger
**Sent:** Monday, August 30, 2004 1:49 PM
**To:** Pamela Jarvis
**Cc:** Thomas M. Wood
**Subject:** RE: Applicability of Delaware Law

I FULLY APPRECIATE SHAMROCK'S DESIRE TO USE A DELAWARE MEDIATION PROCESS.

PLEASE CONSIDER THE SITUATION FROM THE Bs PERSPECTIVE.

THEY FEEL THAT THE SITUATION WE NOW FACE, A TOTAL WRITE OFF, IS A DIRECT AND PROXIMATE RESULT OF A DECISION THAT SHAMROCK MADE, IN ITS OWN SELF INTEREST, TO "SHED" ITSELF OF THE WHAT IT PERCEIVED WAS TOO HEAVY A BURDEN IN RUNNING ALH, DAY TO DAY. THIS WAS NOT AN ALH DECISION. QUITE FRANKLY, THE BOWDEN LITIGATION WAS AN IRRITANT TO BE SURE, BUT IT COULD NOT AND SHOULD NOT HAVE BEEN THE CATALYST FOR DISMEMBERING ALH. WHETHER GEO. BUCHLER AND GENE KRIEGER WANT TO RECALL, I HAD SUGGESTED THAT WE BUY THE ASSETS OF BOWDEN FOR THEIR FMV AND LEAVE THE OLD BOWDEN ENTITY WITH A NOTE. HENCE, THE ISSUE FOR A TRIER OF FACT, TO DETERMINE, IS WHETHER WHAT HAPPENED HERE WAS A BREACH OF THE FIDUCIARY DUTY THAT THE INDIVIDUAL DIRECTORS AND SHAMROCK OWED TO THE Bs OR NOT.

DISCOVERY IS CRITICAL TO THIS TYPE OF FACTUAL BASED DETERMINATION, HENCE WE NEED TO KNOW THE EXTENT OF DISCOVERY THAT SHAMROCK AND THE INDIVIDUAL DIRECTORS WILL AGREE TO

-----Original Message-----
From: Pamela Jarvis [mailto:pjarvis@josephnyc.com]
Sent: Monday, August 30, 2004 8:57 AM
To: Isaac M. Neuberger
Cc: Thomas M. Wood
Subject: Re: Applicability of Delaware Law

Dear Isaac:

In addition to confirming that Delaware law governs, Section 10.2 would weigh in favor of Delaware as the appropriate forum.

The "suggestion of a $3 Million payment to the As," referred to in your 12/22/02 email, implied a payment to Shamrock less than $2 million. Even assuming, for the sake of argument, that if this "suggestion" constituted a written offer, it would not be a written offer to pay more than $2 million for Shamrock's interest in ALH. You assert that the December 2002 emails attached to your present email "were followed by face to face discussions, where the Bs discussed going as high as $7MM," but you have provided no documentation of such meetings or any offer -- written or otherwise -- of $7 million. When and where did these "face to face discussions" occur, and who were the participants? The Shamrock people have no recollection of such meetings, or, indeed, any face to face discussion with any of your clients (other than Mr. Arenson) on any subject relating to ALH. In any event, the fact that the parties did not agree on a buy-out price -- at whatever level -- is hardly evidence of "bad faith" on Shamrock's part.

The Delaware mediation process (like all other mediation processes I am aware of) does not provide for formal discovery, but the parties could of course agree to exchange whatever information they want to. Also, participation in the mediation would not affect the parties' ability to obtain discovery in future litigation, if any.

Sincerely,
Pamela Jarvis


Pamela Jarvis
Gregory P. Joseph Law Offices LLC
805 Third Avenue, 31st Floor
New York, New York  10022
Tel: 212.407.1250

| | |
|---|---|
| **From:** | Pamela Jarvis [pjarvis@josephnyc.com] |
| **Sent:** | Thursday, September 02, 2004 5:33 PM |
| **To:** | Isaac M. Neuberger |
| **Cc:** | Thomas M. Wood |
| **Subject:** | RE: Applicability of Delaware Law |

Dear Isaac:

As you know, Shamrock totally disagrees with your assertions regarding self-interest and the circumstances leading to the sale of ALH's operations, but that is what we would hope to resolve in the mediation.

Shamrock is certainly open to the idea of discovery in connection with the mediation. As you may know, Delaware Chancery Court Rule 94(d) provides that "The Mediator may request parties to exchange or provide to the Mediator documents or other material necessary to understand the dispute or facilitate a settlement. The parties may agree to exchange any documents or other materials in the possession of the other that may facilitate a settlement." What specifically do you have in mind?

I look forward to hearing from you.

Sincerely,

Pamela Jarvis

-----Original Message-----
From: Isaac M. Neuberger [mailto:IMN@NQGRG.com]
Sent: Monday, August 30, 2004 1:49 PM
To: Pamela Jarvis
Cc: Thomas M. Wood
Subject: RE: Applicability of Delaware Law


I FULLY APPRECIATE SHAMROCK'S DESIRE TO USE A DELAWARE MEDIATION
PROCESS.

PLEASE CONSIDER THE SITUATION FROM THE Bs PERSPECTIVE.

THEY FEEL THAT THE SITUATION WE NOW FACE, A TOTAL WRITE OFF, IS A DIRECT
AND PROXIMATE RESULT OF A DECISION THAT SHAMROCK MADE, IN ITS OWN SELF
INTEREST, TO "SHED" ITSELF OF THE WHAT IT PERCEIVED WAS TOO HEAVY A
BURDEN IN RUNNING ALH, DAY TO DAY. THIS WAS NOT AN ALH
DECISION. QUITE FRANKLY, THE BOWDEN LITIGATION WAS AN IRRITANT TO BE
SURE, BUT IT COULD NOT AND SHOULD NOT HAVE BEEN THE CATALYST FOR
DISMEMBERING ALH. WHETHER GEO. BUCHLER AND GENE KRIEGER WANT TO RECALL,
I HAD SUGGESTED THAT WE BUY THE ASSETS OF BOWDEN FOR THEIR FMV AND LEAVE
THE OLD BOWDEN ENTITY WITH A NOTE. HENCE, THE ISSUE FOR A TRIER OF
FACT, TO DETERMINE, IS WHETHER WHAT HAPPENED HERE WAS A BREACH OF THE
FIDUCIARY DUTY THAT THE INDIVIDUAL DIRECTORS AND SHAMROCK OWED TO THE Bs
OR NOT.

DISCOVERY IS CRITICAL TO THIS TYPE OF FACTUAL BASED DETERMINATION, HENCE
WE NEED TO KNOW THE EXTENT OF DISCOVERY THAT SHAMROCK AND THE INDIVIDUAL
DIRECTORS WILL AGREE TO

Dear Isaac:

In addition to confirming that Delaware law governs, Section 10.2 would weigh in favor of Delaware as the appropriate forum.

The "suggestion of a $3 Million payment to the As," referred to in your 12/22/02 email, implied a payment to Shamrock less than $2 million. Even assuming, for the sake of argument, that if this "suggestion" constituted a written offer, it would not be a written offer to pay more than $2 million for Shamrock's interest in ALH. You assert that the December 2002 emails attached to your present email "were followed by face to face discussions, where the Bs discussed going as high as $7MM," but you have provided no documentation of such meetings or any offer -- written or otherwise -- of $7 million. When and where did these "face to face discussions" occur, and who were the participants? The Shamrock people have no recollection of such meetings, or, indeed, any face to face discussion with any of your clients (other than Mr. Arenson) on any subject relating to ALH. In any event, the fact that the parties did not agree on a buy-out price -- at whatever level -- is hardly evidence of "bad faith" on Shamrock's part.

The Delaware mediation process (like all other mediation processes I am aware of) does not provide for formal discovery, but the parties could of course agree to exchange whatever information they want to. Also, participation in the mediation would not affect the parties' ability to obtain discovery in future litigation, if any.

Sincerely,
Pamela Jarvis


Pamela Jarvis
Gregory P. Joseph Law Offices LLC
805 Third Avenue, 31st Floor
New York, New York  10022
Tel: 212.407.1250
Fax: 212.407.1278

-----Original Message-----
From: Isaac M. Neuberger <IMN@NQGRG.com>
To: Pamela Jarvis <pjarvis@josephnyc.com>
CC: Thomas M. Wood <TMW@NQGRG.com>
Sent: Fri Aug 27 13:04:23 2004
Subject: RE: Applicability of Delaware Law

We are aware of this provision...it does NOT prevent the filing of a suit in North Carolina, does it?

As to George's unfortunate "lying through your teeth" comment, I am attaching the original set of e-mails, that reflect his deliberate "bad faith"...these e-mails were followed by face to face discussions, where the Bs discussed going as high as $7 MM.

Since it appears that Shamrock is unwilling to see its way clear towards an acceptable resolution, I suspect that much of this will be the subject of discovery.

As we consider the alternatives, if we were to agree to the Delaware Mediation that you proposed, would we be afforded the same discovery that we would be entitled if we proceed in a different forum.

--------

From: Pamela Jarvis [mailto:pjarvis@josephnyc.com]
Sent: Friday, August 27, 2004 11:49 AM
To: Isaac M. Neuberger

[6]

Cc: Thomas M. Wood
Subject: Applicability of Delaware Law


It occurred to me that you might not be aware that Section 10.2 of the ALH Holdings LLC Operating Agreement provides that "All questions concerning the construction, validity and interpretation of this Agreement and the performance of the obligations imposed by this Agreement shall be governed by the internal law, not the law of conflicts, of the State of Delaware."


Pamela Jarvis
Gregory P. Joseph Law Offices LLC
805 Third Avenue, 31st Floor
New York, NY 10022
Tel: 212-407-1250
Fax: 212-407-1278
pjarvis@josephnyc.com
 <file://www.josephnyc.com> www.josephnyc.com


************************************
CONFIDENTIALITY NOTICE: This e-mail message from Neuberger, Quinn, Gielen, Rubin & Gibber, P.A. contains CONFIDENTIAL INFORMATION for the use ONLY of the intended recipient and may constitute a communication protected by the attorney-client privilege. If you are not the intended recipient or a person responsible for delivering it to the intended recipient, you are hereby notified that any use, distribution, or copying of this communication or its contents is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone at (410) 332-8550.
************************************



************************************
CONFIDENTIALITY NOTICE:  This e-mail message from Neuberger, Quinn, Gielen, Rubin & Gibber, P.A. contains CONFIDENTIAL INFORMATION for the use ONLY of the intended recipient and may constitute a communication protected by the attorney-client privilege.  If you are not the intended recipient or a person responsible for delivering it to the intended recipient, you are hereby notified that any use, distribution, or copying of this communication or its contents is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone at (410) 332-8550.
************************************

| | |
|---|---|
| **From:** | Isaac M. Neuberger |
| **Sent:** | Friday, September 03, 2004 1:54 PM |
| **To:** | Pamela Jarvis |
| **Cc:** | Thomas M. Wood |
| **Subject:** | RE: Applicability of Delaware Law |

This is progress....I will be back to you next week..

-----Original Message-----
From: Pamela Jarvis [mailto:pjarvis@josephnyc.com]
Sent: Thursday, September 02, 2004 5:33 PM
To: Isaac M. Neuberger
Cc: Thomas M. Wood
Subject: RE: Applicability of Delaware Law

Dear Isaac:

As you know, Shamrock totally disagrees with your assertions regarding self-interest and the circumstances leading to the sale of ALH's operations, but that is what we would hope to resolve in the mediation.

Shamrock is certainly open to the idea of discovery in connection with the mediation. As you may know, Delaware Chancery Court Rule 94(d) provides that "The Mediator may request parties to exchange or provide to the Mediator documents or other material necessary to understand the dispute or facilitate a settlement. The parties may agree to exchange any documents or other materials in the possession of the other that may facilitate a settlement." What specifically do you have in mind?

I look forward to hearing from you.

Sincerely,

Pamela Jarvis

-----Original Message-----
From: Isaac M. Neuberger [mailto:IMN@NQGRG.com]
Sent: Monday, August 30, 2004 1:49 PM
To: Pamela Jarvis
Cc: Thomas M. Wood
Subject: RE: Applicability of Delaware Law


I FULLY APPRECIATE SHAMROCK'S DESIRE TO USE A DELAWARE MEDIATION PROCESS.

PLEASE CONSIDER THE SITUATION FROM THE Bs PERSPECTIVE.

THEY FEEL THAT THE SITUATION WE NOW FACE, A TOTAL WRITE OFF, IS A DIRECT AND PROXIMATE RESULT OF A DECISION THAT SHAMROCK MADE, IN ITS OWN SELF INTEREST, TO "SHED" ITSELF OF THE WHAT IT PERCEIVED WAS TOO HEAVY A BURDEN IN RUNNING ALH, DAY TO DAY. THIS WAS NOT AN ALH DECISION. QUITE FRANKLY, THE BOWDEN LITIGATION WAS AN IRRITANT TO BE SURE, BUT IT COULD NOT AND SHOULD NOT HAVE BEEN THE CATALYST FOR DISMEMBERING ALH. WHETHER GEO. BUCHLER AND GENE KRIEGER WANT TO RECALL, I HAD SUGGESTED THAT WE BUY THE ASSETS OF BOWDEN FOR THEIR FMV AND LEAVE THE OLD BOWDEN ENTITY WITH A NOTE. HENCE, THE ISSUE FOR A TRIER OF FACT, TO DETERMINE, IS WHETHER WHAT HAPPENED HERE WAS A BREACH OF THE FIDUCIARY DUTY THAT THE INDIVIDUAL DIRECTORS AND SHAMROCK OWED TO THE Bs OR NOT.

DISCOVERY IS CRITICAL TO THIS TYPE OF FACTUAL BASED DETERMINATION, HENCE WE NEED TO KNOW THE EXTENT OF DISCOVERY THAT SHAMROCK AND THE INDIVIDUAL DIRECTORS WILL AGREE TO

| | |
|---|---|
| **From:** | Isaac M. Neuberger |
| **Sent:** | Sunday, September 05, 2004 12:25 PM |
| **To:** | Pamela Jarvis |
| **Cc:** | Thomas M. Wood |
| **Subject:** | RE: ALH Update - Swiss Re Conference Call |
| **Attachments:** | ALH Update - Swiss Re Conference Call.doc |

Avie Arenson received the attached. Obviously, neither Avie nor the Bs have any duty to make any other proposal nor is their silence an approval, acquiescence or ratification of whatever it that Shamrock and its directors may do. Our complaint is that the situation we now face was foreseen, that it results in the loss of our equity and that it could have been avoided but for the Shamrock decision to exit this investment, regardless of the consequence to the Bs since, as Shamrock told Avie and me, in our meeting, that ALH was taking too much management time.

In considering your suggestion that we agree to a Delaware mediation process, as you know, we will require that Shamrock, in advance of the Mediation, agree to the same level of discovery that we think we could achieve if we were to file a lawsuit.I have asked Sam Wood to scope that out and to provide you with the outline a lawsuit that would be the basis of the mediation.

In the meantime, we would like to know ASAP how Shamrock valued ALH on its books, from time to time, and how it described this investment in its reports to its investors. When did Shamrock write off its investment (if it did) ? We believe that these reports would be discoverable. The answer to this inquiry will reflect how sincere Shamrock is in seeking a resolution through mediation and is willing to provide relevant discovery.


Regards

---

----- Original Message -----
**From:** George Buchler
**To:** Gene Krieger ; Bruce Stein ; 'Arenson Avie' ; 'Shalom Lamm'
**Sent:** Thursday, September 02, 2004 8:20 PM
**Subject:** ALH Update - Swiss Re Conference Call

Gentlemen:

Please find attached a further update to the Swiss Re and Wachovia financing issues.

[9]

**From:** Pamela Jarvis [pjarvis@josephnyc.com]
**Sent:** Wednesday, September 08, 2004 8:32 AM
**To:** Isaac M. Neuberger
**Cc:** Thomas M. Wood
**Subject:** RE: ALH Update - Swiss Re Conference Call

**Shamrock is checking for the financial information you have requested. I look forward to receiving Sam's outline. Regards, P.J.**

>    -----Original Message-----
>    **From:** Isaac M. Neuberger [mailto:IMN@NQGRG.com]
>    **Sent:** Sunday, September 05, 2004 12:25 PM
>    **To:** Pamela Jarvis
>    **Cc:** Thomas M. Wood
>    **Subject:** RE: ALH Update - Swiss Re Conference Call
>
>    Avie Arenson received the attached. Obviously, neither Avie nor the Bs have any duty to make any other proposal nor is their silence an approval, acquiescence or ratification of whatever it that Shamrock and its directors may do. Our complaint is that the situation we now face was foreseen, that it results in the loss of our equity and that it could have been avoided but for the Shamrock decision to exit this investment, regardless of the consequence to the Bs since, as Shamrock told Avie and me, in our meeting, that ALH was taking too much management time.
>
>    In considering your suggestion that we agree to a Delaware mediation process, as you know, we will require that Shamrock, in advance of the Mediation, agree to the same level of discovery that we think we could achieve if we were to file a lawsuit.I have asked Sam Wood to scope that out and to provide you with the outline a lawsuit that would be the basis of the mediation.
>
>    In the meantime, we would like to know ASAP how Shamrock valued ALH on its books, from time to time, and how it described this investment in its reports to its investors. When did Shamrock write off its investment (if it did) ? We believe that these reports would be discoverable. The answer to this inquiry will reflect how sincere Shamrock is in seeking a resolution through mediation and is willing to provide relevant discovery.
>
>    Regards

[10]

| | |
|---|---|
| From: | Pamela Jarvis [pjarvis@josephnyc.com] |
| Sent: | Thursday, September 09, 2004 11:58 AM |
| To: | Isaac M. Neuberger |
| Cc: | Thomas M. Wood |
| Subject: | RE: ALH Update - Swiss Re Conference Call |
| Follow Up Flag: | Follow up |
| Flag Status: | Red |

As I indicated in my September 2 email to you, Shamrock will consider whatever discovery would be likely to facilitate the mediation and make it more productive. Once we have received from Sam the specifics of what you have in mind, we will be able to respond specifically. I would not expect there to be disagreement about the relevant areas.

-----Original Message-----
**From:** Isaac M. Neuberger [mailto:IMN@NQGRG.com]
**Sent:** Wednesday, September 08, 2004 11:42 AM
**To:** Pamela Jarvis
**Cc:** Thomas M. Wood
**Subject:** RE: ALH Update - Swiss Re Conference Call

Has Shamrock decided on the extent of the discovery that it would consider if we were to agree to the Mediation?

[11]

# Morris, Nichols, Arsht & Tunnell

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

S. Mark Hurd
302 575 7354
302 498 6202 Fax
shurd@mnat.com

September 13, 2004

**By Fax and Federal Express**

Isaac M. Neuberger, Esquire
Thomas M. Wood, IV, Esquire
Neuberger, Quinn, Gielen, Rubin & Gibber, P.A.
One South Street, 27th Floor
Baltimore, Maryland 21202

    Re:    Shamrock Holdings of California, Inc., et al.
              v. Avie Arenson, et al.; Civil Action No. 692-N

Dear Messrs. Neuberger and Wood:

        Enclosed please find a copy of the complaint in the above-referenced action, which was filed today in the Delaware Chancery Court. My firm is co-counsel for the plaintiffs.

        Because Ms. Jarvis is at present out of the country, she asked that I convey the following to you.

        1.    The commencement of this action reflects no diminution in plaintiffs' desire to engage in the previously discussed mediation with your clients. However, it has been more than two weeks since plaintiffs first proposed the mediation, and you have yet to agree to it. Consequently, plaintiffs thought it prudent to pursue the mediation in the context of a pending action.

        2.    Plaintiffs recognize that the upcoming holidays will affect your and your clients' availability over the next month or so, and we are of course prepared to accommodate your needs in terms of time to respond to the complaint.

        3.    Please let us know as soon as possible whether you will accept service of the complaint on behalf of your clients. We will be happy to prepare a stipulation addressing service as well as additional time for your responding papers.

Isaac M. Neuberger, Esquire
Thomas M. Wood, IV, Esquire
September 13, 2004
Page 2

       Ms. Jarvis will be back in her office on Wednesday, September 15, but in the meantime, please feel free to contact me.

Very truly yours,

S. Mark Hurd

SMH/dmd
Enclosure