IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Civil Action No. 3:05CV256-H

| | |
|---|---|
| A. ARENSON HOLDINGS, LTD., D.A. GARDENS, LTD., J12ALH ASSOCIATES, SELK, LLC and LAUREL EQUITY GROUP, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>SHAMROCK HOLDINGS OF CALIFORNIA, INC., SHAMROCK CAPITAL ADVISORS, INC., EUGENE I. KRIEGER, GEORGE J. BUCHLER and BRUCE J. STEIN,<br><br>Defendants. | **REPLY DECLARATION OF PAMELA JARVIS IN SUPPORT OF MOTION TO DISMISS OR TRANSFER** |

**PAMELA JARVIS** declares pursuant to 28 U.S.C. § 1746 that:

1. I am a partner in the law firm of GREGORY P. JOSEPH LAW OFFICES LLC, counsel for Defendants in the above-captioned action. I submit this reply declaration on behalf of Defendants Shamrock Holdings of California, Inc. ("Shamrock"), Shamrock Capital Advisors, Inc. ("SCA"), Eugene I. Krieger ("Krieger"), George J. Buchler ("Buchler") and Bruce J. Stein ("Stein"), in further support of their motion to dismiss the Complaint in the above-captioned action or, alternatively, to transfer this action to the United States District Court for the District of Delaware.[*] Unless otherwise indicated, I have personal knowledge of the matters set forth in this Declaration, and as to such other matters, I believe that the statements herein are true.

---

[*] This Declaration is not submitted in support of Defendants' motion to dismiss for failure to state a claim under Fed. R. Civ. P. Rule 12(b)(6).

2.      In their Brief in Opposition to Defendants' Motion to Dismiss or Transfer (at 21), Plaintiffs purport to describe the substance of the parties' August 26, 2004 conference call. In addition to being unsupported by any sworn statement or other competent evidence, Plaintiffs' description is misleading and inaccurate.

3.      Before the August 26, 2004 conference call, the parties expressly agreed, through counsel, that any statements made during the call would be off the record and not usable in any context. *See* Defendants' Opening Brief at 10 and my September 2, 2005 Declaration in Support of Motion to Dismiss or Transfer at Exhs. HH and II. Accordingly, in our Opening Brief and supporting papers, we refrained from any description of the substance of the call. However, now that Plaintiffs have seen fit to breach the parties' agreement and proffer an inaccurate and misleading description of the call, I understand that I am free to set the record straight.

4.      In their Opposition Brief (at 21), Plaintiffs state that during the August 26, 2004 conference call, "the parties and counsel raised settlement, mediation and litigation against [Defendants]." However, there were no settlement negotiations during the August 26, 2004 conference call.

5.      During the August 26, 2004 conference call, after a brief status report concerning ALH's financial and operational condition, Plaintiffs began reiterating demands that Defendants had previously rejected as unreasonable. Defendants again rejected these demands. Plaintiffs reiterated previous accusations of wrongdoing against Defendants; Defendants reiterated their position that these accusations were unfounded. The tone of the conversation grew heated. This escalating exchange of demands, rejections, accusations and denials did not in any sense constitute settlement negotiations.

6. As is set forth in my September 2, 2005 Declaration in Support of Motion to Dismiss or Transfer and the exhibits annexed thereto, there were no ongoing settlement negotiations before the August 26, 2004 conference call. Yet throughout their Opposition Brief, Plaintiffs assert that, following the call, there were ongoing settlement negotiations between the parties. *See, e.g.*, Opp. at 2, 9, 19-21, 23, 26. Therefore, this assertion must be premised on the notion that settlement negotiations began during the call. But there were no settlement negotiations during the call. Consequently, there were no settlement negotiations that could be described as "ongoing" at the end of the call.

7. As noted above, Plaintiffs also assert that they threatened litigation during the August 26, 2004 conference call. Opp. at 21. Plaintiffs had raised the possibility of litigation at various times in the months leading up to the call and during the call itself, but they made no specific threat during the call. During the call, Plaintiffs alluded to the possibility of litigation in Delaware or North Carolina (as they had before the call; *see, e.g.*, Opening at 12 n.9) and <u>stated that the "proper situs" for litigation was "probably Delaware."</u> Thus, if Plaintiffs had been threatening an imminent lawsuit suit during the call, it would have been a lawsuit in Delaware, not North Carolina.

8. Plaintiffs further state that in my August 27, 2004 email pointing out the Delaware choice of law provision in ALH's Operating Agreement, I was responding to Plaintiffs' "threat of litigation" during the August 26, 2004 conference call. Opp. at 21. This is incorrect. I mentioned the choice of law provision in my email because I thought it might encourage Plaintiffs to agree to a Delaware mediation. Plaintiffs' only response was to ask whether the choice of law provision would preclude litigation in North Carolina. See my

September 2, 2005 Declaration in support of Motion to Dismiss or Transfer at Exh. HH. This response did not indicate any interest on Plaintiffs' part in a Delaware mediation.

9. Plaintiffs' Opposition Brief (at 23-26) purports to describe the sequence of events between the August 26, 2004 conference call and the September 13, 2004 filing of the Delaware lawsuit. Plaintiffs admit that, by email dated September 5, 2004, their counsel undertook to provide information about "the extent of discovery" they would want in connection with a mediation. *Id.* at 22. Plaintiffs further admit that, by email dated September 8, 2004, I stated that I was looking forward to receiving this information. *Id.* In addition, Plaintiffs admit that, by email dated September 9, 2004, I again indicated that I expected to receive the information. *Id.* at 22-23. Plaintiffs do not deny that they never provided the information. For some reason, Plaintiffs assert that the delay between their September 5, 2004 undertaking to provide the information and the September 13, 2004 filing of the Delaware lawsuit was only "four days over a weekend," but this is obviously incorrect.

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 14, 2005.

_____
PAMELA JARVIS

/576850